**Herman CORN, Trustee,
Plaintiff–Appellee,**

v.

**CITY OF LAUDERDALE LAKES, a
Florida Municipal Corporation,
Defendant–Appellant.**

**No. 88–6179.**

United States Court of Appeals,
Eleventh Circuit.

June 27, 1990.

Nancy Copperthwaite, Morgan, Lewis & Bockius, Miami, Fla., for defendant-appellant.

Gary M. Farmer, Ft. Lauderdale, Fla., for plaintiff-appellee.

Before FAY and EDMONDSON, Circuit Judges, and YOUNG *, District Judge.

EDMONDSON, Circuit Judge:

This appeal arises from a zoning dispute. The City of Lauderdale Lakes sought to bar an action against it by asserting the defenses of res judicata and statute of limitations. The district court rejected these defenses. We affirm.

In 1966, the City of Lauderdale Lakes passed three zoning ordinances affecting Herman Corn's property. The ordinances applied a variety of zoning classifications to Corn's land, including a classification that would have allowed Corn to construct mini-warehouses on part of the property. In 1977, when Corn requested permission to build the mini-warehouses, the zoning board recommended approval of his site plans and referred the matter to the City Council. Responding to local opposition, the City Council tabled the application and adopted three ordinances which (1) rezoned Corn's land; (2) abolished mini-warehouses as a permitted use; and (3) imposed a moratorium on further development of Corn's property. Acting under the newly adopted ordinances, the Council then denied Corn's site plan application.

Corn sued in state court, challenging both the validity of the new ordinances and the City's refusal to approve his preliminary site plans. Corn dismissed a claim for inverse condemnation in response to a contention by the City that inverse condemnation was unavailable in state court until a final determination had been made on the propriety of the zoning regulations. The state trial court entered a writ of mandamus requiring the City to approve Corn's site plans with a few minor adjustments. The state court concluded that the City Council lacked legal discretion to deny approval and that the new ordinances were "void and unenforceable as against Plaintiff or [his] property". The trial court's order was stayed until 1983, when Florida's Fourth District Court of Appeals affirmed the decision and lifted the stay. *City of Lauderdale Lakes v. Corn*, 427 So.2d 239 (Fla. 4th DCA 1983) (*"Corn I"*). For the five years between 1977 and 1983, Corn was prevented from developing his property.

In 1984, Corn filed this action under 42 U.S.C. § 1983 seeking compensation for the temporary taking of his property caused by the ultimately invalidated city zoning ordinances. *See generally First English Evangelical Lutheran Church v. County of Los Angeles*, 482 U.S. 304, 107 S.Ct. 2378, 96 L.Ed.2d 250 (1987) (damage action available for time before it is finally determined that regulation constituted "taking"). The district court dismissed the action as unripe for review on the merits under *Williamson County Regional Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985). We reversed and remanded. *Corn v. City of Lauderdale Lakes*, 816 F.2d 1514 (11th Cir.1987) (*"Corn II"*). We held that the zoning decision on Corn's property was "final" within the meaning of *Williamson County* and that Corn had no adequate state remedy to compensate him for his loss; thus, Corn's action was ripe for adjudication. We noted that Florida courts recognized no money-damage claims for "good

---

* Honorable George C. Young, Senior U.S. District Judge for the Middle District of Florida, sitting by designation.

faith, albeit confiscatory, zoning activities." *Corn II*, 816 F.2d at 1519.

On remand, defendant moved for dismissal on grounds of res judicata and expiration of statute of limitations. The district court held that plaintiff's claim could not be barred by the statute of limitations because the claim was unripe until the Florida appellate court rendered its opinion on the propriety of the City's acts. *See Albrecht v. State*, 444 So.2d 8 (Fla.1984) (taking claim based on administrative agency's correct denial of development permit). As such, the district court found that plaintiff had no cause of action pursuant to section 1983 until 1983 and, therefore, the 1984 filing was within the limitation period. In addition, the district court held that "[s]ince inverse condemnation neither was, nor could have been, litigated in the prior state proceeding, res judicata was not a bar to the instant case." *Corn v. City of Lauderdale Lakes*, No. 84–6034–CIV–PAINE, slip op. at 4 (S.D.Fla. Dec. 30, 1987) (order on motion for default and motions to dismiss). The City appealed.

### 1. Res Judicata

A federal court must accord a state court proceeding the same preclusive effect the state proceeding would have under state law. *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 80–85, 104 S.Ct. 892, 896–98, 79 L.Ed.2d 56 (1984). Under Florida law, where a second suit is upon the same cause of action and between the same parties as the first, res judicata applies. If the second cause of action is not the same as the first, there will be no estoppel except on those issues which were actually litigated in the first suit. *Albrecht*, 444 So.2d at 12–13. Res judicata does not apply here to bar Corn because the second cause of action (compensation for taking of property) is different from the first (mandamus, attacking the validity of ordinances) and none of the issues now presented were actually litigated in earlier state proceedings.

In the first action, Corn challenged the propriety of the City Council's acts and sought a mandamus order. A determina-

tion, judicially or otherwise, that the acts were proper under the applicable ordinance would not have dictated a finding that there was no taking. A regulation may meet the standards necessary for exercise of police power but still result in a compensable taking. *Pennsylvania Coal Co. v. Mahon*, 260 U.S. 393, 414, 43 S.Ct. 158, 159, 67 L.Ed. 322 (1922); *Albrecht*, 444 So.2d at 12; *Graham v. Estuary Properties, Inc.*, 399 So.2d 1374, 1381 (Fla.1981).

The facts necessary to maintain the action for taking of property in *Corn II* are different from those necessary to sustain the mandamus action in *Corn I*. *See Moore v. Costa Mesa*, 886 F.2d 260, 262 (9th Cir.1989). Mandamus is a writ designed to require an official to perform an act required by law. The state court in *Corn I* held that the City was estopped from rezoning Corn's property by Corn's actions in reliance on earlier zoning ordinances. In contrast, to maintain an action for a regulatory taking, plaintiff must present evidence of a diminution in the value of the property as well as a lack of alternative uses occasioned by the taking. *See Albrecht*, 444 So.2d at 12.

We also reject the City's argument that Corn was required to bring his section 1983 action when he brought the mandamus action. Under both state and federal law, the taking claim is supplemental to the state proceedings on the propriety of the zoning regulation and is not mature until the propriety or impropriety of the zoning regulation has been finally determined. *See, e.g., MacDonald, Sommer & Frates v. Yolo County*, 477 U.S. 340, 350, 106 S.Ct. 2561, 2566, 91 L.Ed.2d 285 (1986) (damage action not available until court decides separately filed mandamus action and gives county an opportunity to provide adequate compensation); *Norco Constr., Inc. v. King County*, 801 F.2d 1143, 1145 (9th Cir.1986) (damage claim not matured until final determination on status of property); *Vari–Build, Inc. v. City of Reno*, 596 F.Supp. 673 (D.Nev.1984) (action for damages separate and supplemental to mandamus action); *City of St. Petersburg v. Wall*, 475 So.2d 662 (Fla.1985) (separate

damage action for governmental taking during period of stay pending appeal); *Albrecht,* 444 So.2d at 12–13 ("propriety of the agency action must be finally determined before a claim for inverse condemnation exists"). Until the status of Corn's property was finally adjudicated on appeal, the existence and extent of a regulatory taking remained undefined; so, Corn had no obligation to bring his damage action earlier.

### 2. Statute of Limitations

While federal courts borrow state statutes of limitations for section 1983 actions, a determination of when the federal cause of action accrues—that is, comes into existence—is governed by federal standards. *Lavellee v. Listi,* 611 F.2d 1129, 1130 (5th Cir.1980). The City and Corn disagree as to the appropriate statute of limitations, but we need not decide whether the applicable limitations period is four years or seven years because we hold that Corn brought his federal action within one year after the cause of action accrued. The City claims that Corn's inverse condemnation action accrued in 1977 with the passage of the unlawful zoning ordinances and the denial of Corn's site plans. The District Court properly concluded, however, that Corn's action accrued in 1983 with the final decision of the Florida appellate court in *Corn I* invalidating the zoning ordinances and ordering the City to accept Corn's application.

A federal claim is generally considered to accrue when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Norco,* 801 F.2d at 1145. Under federal law, taking claims do not mature or ripen until "planning authorities and state review entities have made a final determination on the status of the subject property." *Id.* The status of Corn's property was not determined until the state appellate court affirmed the issuance of the writ of mandamus and lifted the stay. Corn filed his section 1983 action less than a year after the final appellate decision in *Corn I* and is therefore not barred by a statute of limitations.

In suits for deprivation of property under section 1983, "the same considerations that render a claim premature prevent accrual of a claim for limitations purposes, and the claim does not accrue until the relevant governmental authorities have made a final decision on the fate of the property." *Norco,* 801 F.2d at 1146.

AFFIRMED.