**Robert D. DAUGHERTY, Plaintiff,**

v.

**SARASOTA COUNTY, FLORIDA, a political subdivision of the State of Florida, Defendant.**

**No. 91–1092–CIV–T–24A.**

United States District Court, M.D. Florida, Tampa Division.

Sept. 20, 1994.

*ORDER*

CHARLES R. WILSON, United States Magistrate Judge.

THIS CAUSE is before the Court on **Defendant, Sarasota County, Florida's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Alternative Motion for Summary Judgment** (doc. 112). Defendant argues that the case is not ripe for federal adjudication and, therefore, must be dismissed for lack of subject matter jurisdiction. Defendant also argues that all of Plaintiff's claims are barred by the doctrines of res judicata, collateral estoppel, or by the applicable statute of limitations. Alternatively, Defendant argues that all of Plaintiff's claims must be dismissed because the plaintiff's evidence lacks sufficient quantity or quality to justify a jury trial.

## I. *FACTUAL AND PROCEDURAL BACKGROUND*

Plaintiff filed a complaint and demanded a jury trial on August 23, 1991, seeking relief based on four different theories: 1) Defendant deprived Plaintiff of beneficial use of his property without just compensation, in violation of his rights under 42 U.S.C. § 1983 and the Fifth Amendment of the United States Constitution (just compensation claim); 2) Defendant's zoning regulation went too far, thereby destroying the value of Plaintiff's property to such an extent that it amounted to a taking without due process of law, in violation of the Fourteenth Amendment of the United States Constitution (due process takings claim); 3) Defendant's zoning regulation is arbitrary and capricious and, therefore, is an invalid exercise of the police power (arbitrary and capricious due process claim); and 4) the zoning regulation denies Plaintiff equal protection of the laws because it treats Plaintiff differently than similarly-situated individuals (equal protection claim).

For over ten years, Plaintiff has sought to use his real property for a commercial "borrow pit" to remove 550,000 cubic yards of dirt, and has repeatedly been denied permission to do so by Defendant. Plaintiff completed permit applications on May 29, 1983;

Jawdet I. Rubaii, Clearwater, FL, for Robert D. Dougherty.

Robert Widman, James Keeney, Nelson, Hesse, Cyril, Smith, Widman, Herb, Causey & Dooley, Sarasota, FL, for Sarasota County, Fla.

December 18, 1984; June 24, 1986; and March 28, 1989. All of these applications were denied by Defendant. Subsequent to denials of the May 29, 1983, and the December 18, 1984, applications, Plaintiff sought review in Sarasota County Circuit Court. However, Plaintiff voluntarily dismissed each of these actions. Plaintiff also petitioned the court via writ of certiorari for review of the March 28, 1989, permit denial. The court denied Plaintiff's petition for writ of certiorari. On October 3, 1989, Defendant passed a zoning regulation limiting all borrow pits in the Plaintiff's zone to a maximum excavation of 50,000 cubic yards during the life of the borrow pit.

Defendant moved to dismiss this case from federal court on November 14, 1991, alleging that the plaintiff failed to state a claim on which relief could be granted and that the court should not exercise jurisdiction under the doctrine of abstention. Defendant's motion was denied on January 30, 1992. Defendant moved for summary judgment on March 5, 1993, alleging that Plaintiff lacked sufficient evidence to support his claims. Subsequently, the parties entered into mediation in an attempt to reach an agreement. On February 1, 1994, the motion for summary judgment was denied without prejudice, to be refiled as necessary if mediation failed. On March 18, 1994, Defendant filed this motion to dismiss for lack of subject matter jurisdiction and, in the alternative, a motion for summary judgment.

## II. *DISCUSSION*

### A. *Federal Jurisdiction*

#### 1. *Ripeness of Claim*

■ A just compensation claim becomes ripe for filing in federal court when two conditions are met: 1) a final determination is made regarding the status of the subject property; and 2) the property owner is denied a post-deprivation remedy. *Williamson County Regional Planning Comm'n v. Hamilton Bank,* 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985). Defendant alleges that Plaintiff's just compensation claim is not ripe because the second condition has not been met. It is well established that, if the state

government has provided just compensation to the property owner, the owner does not have a federal claim for just compensation. *Executive 100, Inc. v. Martin County,* 922 F.2d 1536, 1542 (11th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 55, 116 L.Ed.2d 32 (U.S.1991). Thus, unless a Plaintiff has been unsuccessful in a state inverse condemnation action, a claim for just compensation in federal court is not ripe for adjudication, because the state's action does not cause a constitutional injury "unless or until the state fails to provide an adequate post-deprivation remedy for the property loss." *Hudson v. Palmer,* 468 U.S. 517, 532, 104 S.Ct. 3194, 3203, 82 L.Ed.2d 393 (1984).

■ In this case, Plaintiff did not file an inverse condemnation claim in state court. Plaintiff's just compensation claim accrued on October 3, 1989, when final action was taken by Defendant regarding the status of Plaintiff's property. *Corn v. City of Lauderdale Lakes,* 816 F.2d 1514, 1519 (11th Cir.1987). At this time, a state claim for inverse condemnation did not exist in Florida. *Id.* However, by 1990, inverse condemnation claims based on regulatory takings were available in Florida. *Joint Ventures, Inc. v. Department of Transp.,* 563 So.2d 622, 628 (Fla.1990).

The issue is which law governs—the law at the time Plaintiff's claim accrued (October 3, 1989) or the law at the time the complaint was filed (August 23, 1991). In *Williamson County,* 473 U.S. at 172, 105 S.Ct. at 3108, the United States Supreme Court stated that the Fifth Amendment of the United States Constitution requires that a "reasonable, certain, and adequate provision for obtaining compensation" exist at the time of the taking. *Id.* at 194, 105 S.Ct. at 3120 (citing *Regional Rail Reorganization Act Cases,* 419 U.S. 102, 124–125, 95 S.Ct. 335, 349, 42 L.Ed.2d 320 (1974)). Hence, in this case, since an inverse condemnation claim was not available in Florida at the time Plaintiff's claim accrued, he is not now required to pursue this remedy prior to filing an action for just compensation in federal court. The fact that an inverse condemnation claim could have been pursued in Florida when Plaintiff filed his complaint

in federal court on August 23, 1991 is irrelevant.

■ The plaintiff's due process takings, equal protection, and arbitrary and capricious claims are ripe for review. These claims become ripe when a final decision is made regarding the status of the property in question and do not require that the plaintiff proceed with an inverse condemnation claim in state court prior to filing in federal court. *Executive,* 922 F.2d at 1541; *Eide v. Sarasota,* 908 F.2d 716 (11th Cir.1990).

### 2. *Statute of Limitations*

■ To provide consistency in all claims based on 42 U.S.C. § 1983, the state statute of limitations used for personal injury is applied. *See, e.g., Wilson v. Garcia,* 471 U.S. 261, 275–276, 105 S.Ct. 1938, 1946–47, 85 L.Ed.2d 254 (1985). In Florida, this period is four years. Fla.Stat. § 95.11(3) (1993).

■ Plaintiff argues that a four year statute of limitations under Florida Statutes, § 95.11, is not applicable in this case because it is entitled "Limitations *other than for the recovery of real property.*" Fla.Stat. § 95.11 (1993) (emphasis added). Plaintiff argues that this case involves recovery of real property and, therefore, is governed by a seven year statute of limitations, as specified in Florida Statutes § 95.12. However, as clarified in other sections of Florida Statutes, chapter 95, the "recovery of real property" contemplated as an exception to § 95.11 are actions such as adverse possession, wherein the real property is actually being occupied by a party other than the true owner. Such is not the case here. Rather, this case involves just compensation for a regulatory taking, with the true owner still occupying the property. Furthermore, should the personal injury statute of limitations not apply in this case, there would be great uncertainty regarding which statute of limitations is applicable. This is precisely the uncertainty the United States Supreme Court sought to avoid when it held that the state's statute of limitations for personal injury governs claims brought under 42 U.S.C. § 1983. *Wilson,* 471 U.S. at 275–276, 105 S.Ct. at 1946–47. Hence, the four year statute of limitations

specified in Florida Statutes 95.11(3) is applicable in this case. Fla.Stat. § 95.11 (1993).

■ Using a four year statute of limitations, Defendant argues that Plaintiff's claims regarding Defendant's denial of permit applications prior to August 23, 1987, are barred, since Plaintiff's complaint was filed on August 23, 1991. However, Florida Statutes § 95.031 states that the statute of limitations period begins to run "from the time the cause of action accrues." Fla.Stat. § 95.031 (1993). A regulatory takings claim under § 1983 accrues when state authorities make a final determination on the status of the subject property affected by the ordinance. *Corn v. City of Lauderdale Lakes,* 904 F.2d 585, 588 (11th Cir.1990). Here, Plaintiff's cause of action accrued on October 3, 1989, when Defendant took final action changing the status of Plaintiff's property by passing a new zoning regulation banning borrow pits excavating greater than 50,000 cubic yards. Hence, Plaintiff's action, which was filed on August 23, 1991, was well within the statute of limitations period.

### 3. *Collateral Estoppel and Res Judicata*

■ The doctrine of collateral estoppel precludes relitigation of an issue that has already been litigated and decided in a prior case. *I.A. Durbin v. Jefferson Nat'l Bank,* 793 F.2d 1541, 1548, 1549 (11th Cir.1986). The four elements necessary for operation of this doctrine are the following:

> 1) the issue at stake must be identical to the one involved in the prior litigation; 2) the issue must have been actually litigated in the prior suit; 3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that action; and 4) the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding.

*Id.* at 1549.

■ Defendant argues that Plaintiff's claims are barred by collateral estoppel because, when Plaintiff petitioned to have the Sarasota County Circuit Court review Defendant's denial of Plaintiff's March 28, 1989

permit application, Judge Titus denied Plaintiff's petition for writ of certiorari. However, when denying a petition for writ of certiorari, a court does not render a decision regarding any of the specific issues in the litigation. *Keay v. City of Coral Gables,* 236 So.2d 133, 135 (Fla. 3d DCA 1970). Hence, because the final court order denying the petition for writ of certiorari did not permit Plaintiff to have a "full and fair opportunity to litigate" any of the issues he now raises, the present claims are not barred by the doctrine of collateral estoppel. *Durbin,* 793 F.2d at 1549.

■ The doctrine of res judicata precludes relitigation of claims that have previously been litigated or that *could* have been litigated in an earlier suit. *Id.* Four elements are necessary for this doctrine to bar a subsequent action: "1) there must be a final judgment on the merits; 2) the decision must be rendered by a court of competent jurisdiction; 3) the parties, or those in privity with them, must be identical in both suits; and 4) the same cause of action must be involved in both cases." *Id.* at 1549.

■ Defendant argues that Plaintiff's claims are barred based on the doctrine of res judicata. Defendant again makes reference to Plaintiff's petitions to Sarasota County Circuit Court for review of his permit denials. In none of these instances, however, were Plaintiff's present claims decided on the merits. In fact, in the first two petitions for review, Plaintiff voluntarily dismissed the case, while in a third, the court denied the petition for writ of certiorari, as mentioned previously. Under the doctrine of collateral estoppel, claims are barred if they have actually been litigated in a prior suit or if they *could* have been litigated. As discussed previously, there has not been a final judgment on the merits of the present claims. Moreover, the claims brought in this action could not have been brought in the earlier petition for writ of certiorari, as such a discretionary review would have been limited to the record of the Commission hearing on the 1989 permit request. *Pettersen v. Nelson,* 269 So.2d 22 (Fla. 4th DCA 1972). The specific issues involved in the present case would not have been properly attached to such a petition for review.

## B. *Summary Judgment*

Defendant claims that, as an alternative to dismissal of the case because of lack of subject matter jurisdiction, summary judgment should be granted for Defendant because Plaintiff's evidence is of insufficient quantity and quality to justify sending it to the jury. Summary judgment is appropriate only when the court is satisfied "that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." F.R.Civ.P. 56(c). The moving party bears the burden of this initial showing. *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir.1991).

■ In determining whether the movant has met this burden, the court must look at the evidence in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the non-moving party's evidence is "merely colorable, . . . or is not significantly probative, . . . summary judgment may be granted." *Anderson,* 477 U.S. at 249–50, 106 S.Ct. at 2511. Essentially, "the inquiry . . . is . . . whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251, 106 S.Ct. at 2512.

### 1. *Just Compensation Takings Claim*

■ The just compensation takings claims under 42 U.S.C. § 1986 will require the court to examine a number of material facts which are clearly in dispute here, including the following: 1) the economic impact of the change in zoning regulation; 2) the interference of the new zoning regulation with Plaintiff's investment-backed expectations; and 3) whether variances will be allowed in the zoning regulation which would allow Plaintiff to pursue his original plans. These are all issues of genuine material fact which remain to be resolved by a jury. Plaintiff's evidence is sufficiently probative regarding the diminution in the property's value and the marked interference with his

investment-backed expectation resulting from Defendant's actions. Furthermore, the evidence presented by the parties presents sufficient disagreement to require that it be submitted to a jury. *Id.* Hence, the motion for summary judgment is denied on the issue of just compensation.

### 2. *Due Process Takings Claim*

 Due process takings claims require that Plaintiff be denied economically viable use of his property by the zoning regulation. *Nolan v. California,* 483 U.S. 825, 834, 107 S.Ct. 3141, 3147–48, 97 L.Ed.2d 677 (1987). The court in *Eide v. Sarasota,* 908 F.2d 716 (11th Cir.1990), has stated that, in such a situation, the regulation goes so far and destroys property value so much that it has the same effect as a taking by eminent domain. Plaintiff states that the only reason he purchased the property was for a borrow pit and other uses of the property are not financially feasible. In contrast, Defendant alleges that it is highly feasible for Plaintiff to develop the property and sell it as five-acre lots. Thus, there are genuine issues of material fact in this case regarding whether Plaintiff was denied economically viable use of his property by the denial of his permit applications and the subsequent change in the zoning regulation. Furthermore, the evidence presented on this issue is in sufficient disagreement to require submission to a jury. *Anderson,* 477 U.S. at 251–52, 106 S.Ct. at 2511–12. Hence, the motion for summary judgment is denied on the issue of due process takings.

### 3. *Arbitrary and Capricious Due Process Claim*

 An arbitrary and capricious due process claim requires that there has been deprivation of a constitutionally protected interest and that the deprivation is the result of an abuse of government power. *Eide,* 908 F.2d at 716. Zoning actions that are tainted with arbitrariness, capriciousness, and unfairness give rise to a constitutional claim. *Arlington Heights v. Metropolitan Housing Dev.,* 429 U.S. 252, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977). Plaintiff claims that Defendant's repeated denial of his permit applications and

subsequent change in the zoning regulation was arbitrary and is not substantially related to the public health, safety, morals, or general welfare. Defendant claims that the permit denials and zoning decision were based on the fact that the Plaintiff's proposed use of the land would not be compatible with neighboring land uses. Again, these differences in the parties' positions on this issue represent a genuine issue of material fact that must be resolved by a jury, precluding summary judgment. *Anderson,* 477 U.S. at 251–52, 106 S.Ct. at 2511–12.

### 4. *Equal Protection Claim*

 To succeed on a claim of unconstitutional denial of equal protection, Plaintiff must prove that he was treated differently than other similarly situated individuals. *Executive 100, Inc., v. Martin County,* 922 F.2d at 1536. All persons similarly situated should have permits approved upon meeting certain unified standards. *Burstyn v. City of Miami Beach,* 663 F.Supp. 528 (S.D.Fla. 1987). Plaintiff alleges that other individuals were given approval for borrow pit operation using the same road as a haul route that he proposed to use. Defendant claims that Plaintiff is not being denied equal protection of the law since his situation differs from the others who were awarded permits. Genuine issues of material fact must be determined regarding whether Plaintiff was treated differently than similarly-situated individuals, and Plaintiff presents evidence that is significantly probative on this issue. *Anderson,* 477 U.S. at 249–50, 106 S.Ct. at 2510–11. Therefore, summary judgment should also be denied regarding this claim.

For the foregoing reasons, it is

**ORDERED** that **Defendant, Sarasota County, Florida's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Alternative Motion for Summary Judgment** (doc. 112) be **DENIED.**