[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17268
Non-Argument Calendar
_____

D.C. Docket No. 8:16-cv-02797-EAK-TBM


JEROME RAHEEM SIMPSON,

Plaintiff - Appellant,

versus

STATE OF FLORIDA,
SIXTH JUDICIAL CIRCUIT COURT OF PINELLAS COUNTY FLORIDA,
DEPUTY PETERSON,
Pinellas County Jail Deputy (payroll #39490),
CPL BAKER,
(payroll #7428),
 PINELLAS COUNTY JAIL'S PROPERTY CONTROL OPERATIVE
(S) OF INMATE'S PERSONAL PROPERTY SECTION, et al.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 10, 2018)

Before TJOFLAT, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

Jerome Raheem Simpson, a prisoner proceeding pro se, appeals the *sua sponte* dismissal of his 42 U.S.C. § 1983 action for failure to state a claim upon which relief may be granted. On appeal, he argues that the district court erred in concluding that the four-year statute of limitations period had run.

We begin by summarizing the operative facts.  On September 23, 2016, Simpson signed a complaint against the State of Florida, the Attorney General of Florida, and several correctional officers, and had it stamped as received by prison officials. Simpson alleged in his complaint that, while he was being held at the county jail awaiting transfer to the Florida Department of Corrections, an officer instructed him to lay out his personal property for a search, and he was led away before the search concluded.  According to the complaint, Simpson was later transferred to his new location without his personal property, and the property never arrived.  Based on these circumstances, Simpson asserted that his "personal property had been directly subjected to the dangerous condition of disposal on August 21, 2012, and had been disposed of on September 24, 2012."  ECF No. 1 at 13.  As a result, he claimed several constitutional violations.

Upon initial screening of Simpson's case, the district court dismissed Simpson's complaint *sua sponte* for being filed after the expiration of Florida's

four-year statute of limitations. The court found that the defendants' alleged actions occurred on August 21, 2012, when Simpson was transferred to his new prison facility and did not have his belongings registered as his property. Consequently, the district court concluded that Simpson's complaint, constructively filed on September 23, 2016, was filed after the four-year statute of limitations period had passed.

We review do novo a district court's dismissal for failure to state a claim, "viewing the allegations in the complaint as true." *Hughes v. Lott*, 350 F.3d 1157, 1159–60 (11th Cir. 2003). We also review de novo "a district court's interpretation and application of a statute of limitations." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1122 (11th Cir. 2017).

A district court may properly dismiss a § 1983 complaint *sua sponte*, without requiring any responsive pleadings, for failure to state a claim if the action would be barred by the state's statute of limitations. *Jones v. Bock*, 549 U.S. 199, 213–15 (2007). The statute-of-limitations period for § 1983 claims in Florida is four years. *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003).

The standard rule is that federal civil-rights claims begin accruing when the plaintiff "has a complete and present cause of action." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (quotations and citation omitted). For deprivation-of-property suits specifically, "the claim does not accrue until the relevant governmental authorities

3

have made a final decision on the fate of the property." *Corn v. City of Lauderdale Lakes*, 904 F.2d 585, 588 (11th Cir. 1990) (quotation omitted).  So here, based on the allegations in Simpson's complaint, which we are required to accept at this stage, Simpson's cause of action began accruing when the prison disposed of his personal property on September 24, 2012.  It could not have accrued before then because the property was not allegedly disposed of before that date.

Turning to the filing date of Simpson's complaint, the filing date for a § 1983 complaint filed by a pro se prisoner "shall be that of delivery to prison officials." *Garvey v. Vaughn*, 993 F.2d 776, 783 (11th Cir. 1993) (emphasis omitted) (extending *Houston v. Lack*, 487 U.S. 266 (1988), to §1983 complaints by *pro se* prisoners).  Therefore, Simpson's complaint was deemed filed when it was signed and stamped by prison officials on September 23, 2016.

In light of the accrual date of September 24, 2012, and the filing date of September 23, 2016, Simpson's complaint was timely filed within Florida's four-year statute of limitations for §1983 claims. Consequently, the district court erred in holding that Simpson's complaint was not timely filed within the statute of limitations.  We therefore reverse the district court's order dismissing the case as untimely filed and remand to the district court for further proceedings.

**REVERSED AND REMANDED.**