[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10169
Non-Argument Calendar
_____

D.C. Docket No. 7:15-cv-00099-CDL-MSH

RICKY GIDDENS,
LYDIA GIDDENS,

Plaintiffs-Appellants,

versus

HUGH LAWSON,
Senior District Judge,
JUDGE W. LOUIS SANDS,
Senior District Judge,
THOMAS Q. LANGSTAFF,
Magistrate Judge,
U.S. ATTORNEY GENERAL,
MICHAEL MOORE,
United States Attorney,
MICHELLE SCHIEBER,
Assistant United States Attorney,
LEAH MCEWEN,
Assistant United States Attorney,
MARY DAVIS,
Supervisor Probation Officer,
JEFFREY ROSS,
Sentencing Guideline Specialist,

WAYNE CARROLL,
Brooks County Commissioner,
MIKE DEWEY,
Sheriff, Brooks County,
JERRY MILLER,
Sheriff Office Investigator, Brooks County,
DANNY HERRING,
City of Quitman Manager,
WESLEY ROSS,
Chief of Police, Quitman,
KEITH WILLIAMS,
Lieutenant, Quitman Police Department,
BROOKS COUNTY BOARD OF COMMISSIONERS,
QUITMAN GEORGIA,
BRADLEY MILES HANNAN,
KIM BAKER,
Special Agent in Charge,
GEORGIA BUREAU OF INVESTIGATION,
STRIPLING LUKE,
Special Agent,
BROOKS COUNTY, GEORGIA, et al.,

Defendants-Appellees,

ELLEN MOORE,
Chief United States Probation Officer,

Defendant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(May 16, 2018)

Before ED CARNES, Chief Judge, TJOFLAT, and NEWSOM, Circuit Judges.

PER CURIAM:

2

Ricky and Lydia Giddens, proceeding pro se, appeal the dismissal of their complaint and denial of their motions to amend, strike, and for default judgment.

I.

On September 30, 2009, Georgia Bureau of Investigation Special Agent Stripling Luke signed and submitted an affidavit to obtain a warrant to search the Giddenses' home. He executed the warrant and searched their home the next day. As a result of the search, the Giddenses were indicted for possession with intent to distribute marijuana, possession of cocaine base, possession of a firearm during a drug trafficking crime, and possession of a firearm by a convicted felon.

The Giddenses retained counsel.[1] Ricky pleaded guilty to the drug counts as part of a plea deal to drop the firearm charges against him and all charges against Lydia. He was sentenced to 60 months imprisonment and appealed that sentence despite having signed an appeal waiver. This Court affirmed his sentence, and he moved to vacate it under 28 U.S.C. § 2255. The district court dismissed his motion and we affirmed.

On June 9, 2015, the Giddenses filed a complaint alleging claims under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999 (1971), relating to the search of their home and the resulting criminal proceedings. The Giddenses named more than twenty defendants,

---

[1] Ricky retained Bradley Hannan, and Lydia retained Nathaniel Haugabrook. Both attorneys stopped representing the Giddenses in 2011, and both are defendants in this case.

3

including the law enforcement officers who in 2009 obtained and executed the warrant to search their home; the probation officers who in 2011 prepared Ricky's Presentence Investigation Report; the prosecutors and judges who from 2010 to 2012 were involved in the criminal case, direct appeal, and postconviction proceedings; and the attorneys who from 2010 to 2011 defended the Giddenses. The district court ruled that Georgia's two-year statute of limitations barred the complaint because the last claim accrued in 2012. This is the Giddenses' appeal.

## II.

The Giddenses identify 18 issues on appeal but offer argument as to only 3 of them. By failing to elaborate on 15 issues, the Giddenses abandoned them, so we need only consider whether the district court properly (1) dismissed their complaint, (2) denied their motion to amend, and (3) denied their motions for default judgment and to strike. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) ("While we read briefs filed by pro se litigants liberally, issues not briefed on appeal by a pro se litigant are deemed abandoned.") (citations omitted).

## A.

The Giddenses contend the district court erred by dismissing their complaint as untimely and on substantive and procedural grounds. Our review is de novo. Ctr. for Biological Diversity v. Hamilton, 453 F.3d 1331, 1334 (11th Cir. 2006).

4

All of the Giddenses' claims arise under <u>Bivens</u>.  Because <u>Bivens</u> claims are akin to personal injury claims, we apply to them the forum state's personal injury statute of limitations.  <u>See</u> <u>Uboh v. Reno</u>, 141 F.3d 1000, 1002 (11th Cir. 1998).  The events giving rise to this case happened in Georgia, so we apply its two-year limitations period for personal injury claims.  Ga. Code Ann. § 9-3-33.

The Giddenses do not contest that the two-year limitations period applies to their claims.  They argue instead that their claims were tolled while Ricky was in prison or while his § 2255 proceedings were pending.  In support they cite <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364 (1984), which held that "a § 1983 claim for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."  <u>Id.</u> at 489–90, 114 S. Ct. at 2374.[2]  The Giddenses are right that "the <u>Heck</u> rule applies to <u>Bivens</u> damages claims," <u>Abella v. Rubino</u>, 63 F.3d 1063, 1065 (11th Cir. 1995), but they are wrong to think it helps them.  To the extent they seek damages on the basis that Ricky's conviction or sentence was unconstitutional, <u>Heck</u> bars those claims because neither his conviction nor sentence has been invalidated.  <u>See Heck</u>, 512

---

[2] The Giddenses also cite <u>Wallace v. Kato</u>, 549 U.S. 384, 127 S. Ct. 1091 (2007), but that decision undermines their tolling argument because it held that the statute of limitations for a Fourth Amendment violation begins to run when the claimant is brought before a magistrate and bound over for trial, not when he is released from prison.  549 U.S. at 391, 127 S. Ct. at 1097.

U.S. at 487, 114 S. Ct. at 2372.[3] The remaining claims seeking damages for the defendants' conduct accrued when the challenged acts occurred.[4] See id. at 486–87, 114 S. Ct. at 2372; Corn v. City of Lauderdale Lakes, 904 F.2d 585, 588 (11th Cir. 1990) ("A federal claim is generally considered to accrue when the plaintiff knows or has reason to know of the injury which is the basis of the action.").

Because the Giddenses filed their complaint on June 9, 2015 — more than two years after the latest of the dates on which their claims accrued — and because those claims were not tolled while Ricky was incarcerated or while his § 2255 motion was pending, their claims are time barred. And because we affirm the dismissal of the complaint as time barred, we need not address the alternative substantive and procedural grounds on which the district court ruled.

B.

The Giddenses next contend that the district court erred by dismissing their complaint without ruling on their motion to amend. In that motion they sought leave to add § 1983 claims relating to the same events as those in their Bivens claims. Section 1983 claims are subject to the same two-year limitations period as

---

[3] If the Giddenses mean to collaterally attack the validity of Ricky's conviction or sentence, a Bivens action is an improper vehicle to do so. See Abella, 63 F.3d at 1065.

[4] The claims against the officers who executed the search warrant accrued when the search occurred in 2009. The claims against defense counsel accrued at the latest when counsel ceased representing the Giddenses in 2011. And the claims against the prosecutors, judges, and probation officers arise from the criminal and postconviction proceedings and accrued at the latest in December 2012 when the district court denied the § 2255 motion.

Bivens claims. Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986). As a result, the motion to amend was futile because the claims it sought to add would have been time barred and Heck barred for the reasons already addressed. It matters not whether the district court ruled on that basis. See Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1364 (11th Cir. 2007) ("We may affirm the district court's judgment on any ground that appears in the record, whether or not that ground was relied upon or even considered by the court below.").

## C.

The Giddenses also contend that the district court erred by denying their motion for default judgment and two motions to strike. First, they argue that the district court erred by denying their motion for default judgment when defendants Danny Herring, Wesley Ross, Keith Williams, and the City of Quitman, Georgia ("the Quitman defendants") failed to timely answer the complaint. We review for abuse of discretion the district court's decision to enter or set aside an order of default. See Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996).

The Giddenses moved for default judgment after the Quitman defendants failed to answer the complaint within 21 days of being served. The Giddenses did not file an affidavit or otherwise establish that the Quitman defendants had defaulted, and the clerk never entered default. The same day the Giddenses

moved for default judgment, the Quitman defendants filed a response explaining that counsel's staff had mistakenly calendared an answer due date for 30 days, as if the complaint had been filed in state court, instead of the required 21 days.

The district court did not abuse its discretion by denying the motion for default judgment. The Giddenses did not complete the first step of obtaining an entry of default. See Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). And even if they had obtained an entry of default, the district court had discretion to set it aside because the Quitman defendants showed good cause. Fed. R. Civ. P. 55(c). Their clerical error was not willful and their seven-day delay in filing an answer did not cause prejudice. See Compania Interamericana, 88 F.3d at 951 (considering several factors, including willfulness and prejudice, to determine whether the "good cause" standard is met). As a result, the district court did not abuse its discretion in denying the motion for default judgment.

Next, the Giddenses argue that the district court erred by declining to strike the Quitman defendants' motion to dismiss and instead construing it as one for judgment on the pleadings. They assert that the district court should have struck the motion to dismiss because the Quitman defendants had raised the affirmative defense of failure to state a claim in their answer. Generally a motion to dismiss

8

for failure to state a claim is null if a party first raises that defense in its answer, but the district court had discretion to construe the motion as seeking judgment on the pleadings.  See Byrne v. Nezhat, 261 F.3d 1075, 1093 n.35, 1096 n.46 (11th Cir. 2001), abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co., 553 U.S. 639, 128 S. Ct. 2131 (2008).  The Giddenses assert that the court abused its discretion by so construing the motion because the pleadings were not closed, but that assertion is meritless because the pleadings were closed as of September 6, 2016, when the Quitman defendants filed their answer and did not raise any counterclaims, and they filed their motion on October 20, 2016.

Finally, the Giddenses argue that the district court erred by failing to strike for noncompliance with the Middle District of Georgia Local Rules defendant Haugabrook's motion to dismiss.  We review for abuse of discretion the district court's ruling and give "great deference" to its application of the Local Rules. Reese v. Herbert, 527 F.3d 1253, 1267 n.22 (11th Cir. 2008).  Haugabrook's brief in support of his motion exceeded by eight pages the limit set out by the Local Rules.  See M.D. Ga. Civ. R. 7.4.  The Local Rules do not specify a penalty for noncompliance.  See id.  The district court declined to strike the motion and instead admonished Haugabrook to comply with the Local Rules in the future. That was not an abuse of discretion.

**AFFIRMED.**

9