[No. 9394–1–I.   Division One.   June 21, 1982.]

HILLIS HOMES, INC., ET AL, *Appellants,* v. SNOHOMISH COUNTY, ET AL, *Respondents.*

*Edward Heavey,* for appellants.

*William R. Hickman,* for respondents.

ANDERSEN, C.J.—

FACTS OF CASE

The plaintiffs, Hillis Homes, Inc., and Larry O. Hillis, who are real estate developers, appeal the trial court's order of summary judgment.[1] The defendants, Snohomish County and certain of its officers and employees, cross–appeal the trial court's entry of an Order on Show Cause or, in the alternative, a Writ of Mandate. For convenience, we will refer to the respective parties in the singular.

On December 14, 1978, the developer filed an application for preliminary plat approval of a 44–lot subdivision in Snohomish County. A proposed declaration of nonsignificant environmental impact was issued on February 16, 1979. Five months then passed without any formal action being taken by the County's planning agency on the preliminary plat application. Then on July 16, 1979, the developer sued in superior court seeking: (1) a writ of mandamus directing the County and its planning agency to process its application; and (2) to obtain monetary damages resulting from the County's delay in processing the application. The requested damages included actual attorneys' fees, costs, mental distress, increased construction costs and increased interest rates caused by the delay.

On July 16, 1979, the trial court issued an order directing the County to set a hearing date and process the developer's application as required by law or, in the alternative, to show cause why the application could not be so processed.

---

[1]Although the caption as denominated by the parties indicates that this is a class action, nothing in the appellate record suggests that it has been judicially determined that it could be so maintained. CR 23(c).

Following the show cause hearing, the trial court issued a writ of mandamus directing the County to set a date for public hearing. A date was set, the hearing was held in compliance with the writ and the application processed.

Subsequent to the issuance of the writ, the developer proceeded ahead with its damage action. On September 22, 1980, the trial court entered an order granting the County's motion for summary judgment on damages.

The appeal and cross appeal present two issues. In the interest of continuity, we will first address the issue raised by the County on its cross appeal.

## ISSUES

ISSUE ONE. Was it appropriate for the trial court to require a county and its planning agency to act on a developer's proposed preliminary plat application before the agency desired to do so?

ISSUE TWO. If mandamus was proper, did the trial court err in granting a summary judgment to the County on damages?

## DECISION

ISSUE ONE.

CONCLUSION. Since the County and its planning agency did not act on the preliminary plat application within 90 days, as required by statute, mandamus was a proper remedy and the trial court did not err in ordering the planning agency to set a hearing.

■ Although mandamus will not lie to control the exercise of discretion, it will lie to require that discretion be exercised. *Bullock v. Superior Court,* 84 Wn.2d 101, 103, 524 P.2d 385 (1974); *Norco Constr., Inc. v. King Cy.,* 29 Wn. App. 179, 187, 627 P.2d 988, *review granted,* 96 Wn.2d 1016 (1981). At the time the developer filed its application for preliminary plat approval, RCW 58.17.090 provided that upon the filing of such an application, a public hearing date *shall* be set. Further, another statute, RCW 58.17.140, provided that the application for a preliminary plat *shall* be approved, disapproved or returned for modification or

correction within 90 days of filing unless the applicant consents to an extension.

As we recently held in *Norco Constr., Inc. v. King Cy., supra,* where the statutory 90–day period had passed and a similar application had not been approved, disapproved or returned for modification, mandamus did lie to compel the appropriate governmental body to exercise its discretion and process the application. *Norco Constr., Inc. v. King Cy., supra* at 187–88. *See* E. Yokley, *Subdivisions* § 53, at 240 (2d ed. 1981). Here, approximately 7½ months elapsed between the filing of the developer's preliminary plat application and the time it commenced the mandamus proceeding. During that time, the County had neither set a date for public hearing nor approved or disapproved the developer's application nor returned it for modification or correction.[2] Thus, the trial court did not err by requiring the County's planning agency to exercise its discretion, set a date for a public hearing and process the developer's application as required by law.[3] *Norco Constr., Inc. v. King Cy., supra* at 187–88.

ISSUE TWO.

CONCLUSION. The trial court did not err by granting the County's motion for summary judgment since, as a matter of law, its failure to act was not the proximate cause of the consequential damages claimed by the developer.

In accordance with RCW 7.16.260, a successful plaintiff in a mandamus proceeding may recover (1) the

---

[2]It should be observed that under the terms of the statute, the county planning agency could have extended the 90–day time period by obtaining the developer's consent. RCW 58.17.140. In the appropriate's case, the County could also adopt emergency measures to preserve the status quo. RCW 36.70.790; *Norco Constr., Inc. v. King Cy., supra* at 186 n.2; *Jablinske v. Snohomish Cy.,* 28 Wn. App. 848, 851–52, 626 P.2d 543 (1981).

[3]It should be further observed that the State Environmental Policy Act of 1971 will not be frustrated by requiring action on a preliminary plat within 90 days. If an environmental impact statement is necessary, the time spent in preparing and circulating the statement is excluded from the 90–day period. RCW 58.17.140.

costs incurred in obtaining the writ, and (2) all damages which are the natural and proximate result of the official misconduct. RCW 7.16.260; *Miller v. Pacific Cy.*, 91 Wn.2d 744, 749–50, 592 P.2d 639 (1979) (Rosellini, J., concurring). This statute, RCW 7.16.260, does not, however, establish either a new cause of action or an automatic right of recovery. Rather, it simply establishes the procedure for recovery of damages based on recognized and established causes of action. *See Miller v. Pacific Cy., supra* at 746–47; *State ex rel. Bond v. State,* 59 Wn.2d 493, 496, 368 P.2d 676 (1962); *State ex rel. Brown v. McQuade,* 36 Wash. 579, 583–84, 79 P. 207 (1905).[4]

In the present case, the developer's damage action sounds in tort. In point is *King v. Seattle,* 84 Wn.2d 239, 525 P.2d 228 (1974).

In *King,* as the trial court found in the mandamus phase of that action against the City of Seattle, the City arbitrarily, capriciously and without justification refused to issue building and street use permits to a property owner. Because of the delay caused by the City's wrongful inaction, certain federal regulations concerning the issuance of required federal permits were changed and when the writ of mandamus against the City was entered and the permits finally issued by the City, the property owner found that he was apparently no longer qualified for the federal permit because of recent changes in the federal rules. When the property owner was denied the federal permit he required in order to build, he abandoned his efforts to build and, instead, sued the City for damages in tort. The State Supreme Court held in *King* that the City's tortious acts

---

[4]Deciding this case on the basis that we do, we need not decide whether the developer is entitled to recover consequential damages in a mandamus action, see concurring opinion by Justice Rosellini in *Miller v. Pacific Cy., supra* at 748–52, or whether this action is barred by the doctrine of sovereign immunity, *see J & B Dev. Co. v. King Cy.,* 29 Wn. App. 942, 949–55, 631 P.2d 1002 (1981), *review granted,* 97 Wn.2d 1001 (1982). It should also be observed that subsequent to oral argument in this case, chapter 232, Laws of 1982, was enacted which relates to the right of property owners to recover damages from improper denials of property use permits, and which became effective June 10, 1982.

were insufficient to justify imposing legal liability on the City since the property owner had voluntarily declined to pursue means available to him by which he could have avoided such consequences. Notably, in *King*, the owner had declined to pursue his federal administrative remedy, whereas another who was similarly situated successfully pursued such a remedy.

In *King*, the City's wrongful delay in issuing the building and street use permits was admittedly the cause in fact of the property owner's damages. The State Supreme Court there reviewed authorities holding that cause in fact does not automatically lead to legal responsibility and held:

> Cause in fact is not, however, the sole determinate of proximate cause, and in a broader sense the question of law as to whether legal liability should attach, given cause in fact, is the question still before us in this case.

*King v. Seattle, supra* at 249. And further:

> As a matter of policy we cannot say on these facts that the defendant City should be legally liable for the plaintiffs' loss. Conceding all the other elements of tort liability are present, they are not sufficient in themselves to make out a prima facie case. The court still must adduce from the record whether, as a policy of law, legal liability should attach to the defendant if the other factual elements are proven and no affirmative defense is made out. "[C]ausation, as such, is a question of fact. Proximate causation is a question of law. The entire doctrine [of proximate cause] assumes that a defendant is not necessarily to be held responsible for all the consequences of his acts." McLaughlin, *Proximate Cause,* 39 Harv. L. Rev. 149, 155 (1925).

*King v. Seattle, supra* at 249–50.

Apropos of the case at bar, the Supreme Court in *King* summarized:

> We do not believe it would be wise judicial policy to allow one party to create legal liability in another by a voluntary exercise of the complaining party's own personal business judgment not to seek to protect his rights in the legal forums provided him. This is especially so

where, if the complaining party had exercised his legal rights in the first place, there may well have been no damage to his interests at all.

*King v. Seattle, supra* at 252.

In the case before us, the failure of the County's planning agency to act, as a matter of law, was not the proximate cause of the developer's claimed damages. Even if the preliminary plat had been set for public hearing and processed within 90 days of filing, the developer would not have had a right to begin immediate construction. In the absence of a proper extension of the 90–day statutory period, an applicant for preliminary plat approval acquires only the right to have his application processed under the zoning ordinances and procedures existing at the time the plat application should have been acted upon. *Norco Constr., Inc. v. King Cy., supra* at 191. Further, RCW 58.17.140 places discretion in the department of planning to approve, *disapprove,* or *return for modification or correction* the proposed preliminary plat.[5] Moreover, after preliminary approval, the legislative body itself must still grant its approval of the final plat before any construction can begin. *See* RCW 58.17-.100–.200.

■ As with the property owner seeking permits in *King v. Seattle, supra,* the developer here went well beyond the 90–day time limit and delayed instituting mandamus proceedings until some 4½ months after the expiration of the statutory 90–day period. The County's liability cannot be premised on the developer's independent business judgment that it would be more advantageous to informally work with the County rather than promptly pursuing its legal remedies once the 90 days had expired. *See King v. Seattle, supra.*

---

[5]As it turned out in the case before us, after processing the application pursuant to the writ of mandate, the Snohomish County Planning Department returned the developer's application for modification.

We affirm on both the appeal and cross appeal.

JAMES and SWANSON, JJ., concur.

Reconsideration denied September 30, 1982.

Review denied by Supreme Court December 17, 1982.