**NORCO CONSTRUCTION, INC., a Washington Corporation, Plaintiff-Appellant,**

v.

**KING COUNTY, a Municipal Corporation, Defendant-Appellee.**

No. 85–3513.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 10, 1985.

Decided Oct. 3, 1986.

Richard U. Chapin, Inslee, Best, Chapin, & Doezie, Bellevue, Wash., Malcolm L. Edwards, Edwards & Barbieri, Seattle, Wash., for plaintiff-appellant.

Stephen O. Kenyon, Deputy Pros. Atty., Seattle, Wash., for defendant-appellee.

Before BROWNING, KENNEDY, and HUG, Circuit Judges.

KENNEDY, Circuit Judge:

Norco Construction, Inc. (Norco), a real estate developer, appeals from the grant of

summary judgment to King County (the county). The district court found that the statute of limitations barred Norco's federal claims under 42 U.S.C. § 1983, as well as pendent state causes of action for tort and inverse condemnation. Norco argues that it could not have brought suit before August 1982. We agree, and find the statute of limitations no bar to Norco's claims. We further reject the county's contention that the earlier state mandamus proceeding was res judicata to this action.

Norco owns a seventy-five-acre tract of land in southeast King County. In May 1977, it sought preliminary plat approval under Wash.Rev.Code § 58.17.070 to subdivide the tract into one-acre lots. In August 1977, a county hearing examiner recommended approval of Norco's preliminary plat; the examiner noted, however, that the plat was inconsistent with a proposed modification of the county's comprehensive plan, known as the Soos Creek Plan. The Soos Creek Plan, ultimately adopted in November 1979, called for minimum five-acre lots on Norco's land.

Washington law requires that within ninety days of filing, a county council approve, disapprove, or return for modification a preliminary plat application. Wash. Rev.Code § 58.17.140. On October 31, 1977, the King County Council (the council) declined to act on Norco's application, referring it to the Planning and Community Development Committee, which was then considering the Soos Creek Plan. The council took no action on Norco's application following its October 31, 1977 meeting. On January 30, 1978, the council passed an ordinance, King County Code § 19.08.250, providing for deferral of preliminary plat approvals if inconsistent with the pending Soos Creek amendments to the comprehensive plan.

In February 1979, Norco filed a petition for a writ of mandamus in the state superior court seeking to force the county to act on its application. The court issued the writ in April 1979. The writ required the county to consider the Norco application on the basis of statutes and ordinances in ef-

fect when Norco completed the application, and specifically prohibited judging it against the requirements of the Soos Creek Plan. The county enjoined enforcement of the writ pending appeal, pursuant to Wash. Rev.Code § 4.92.080. The decision to grant the writ was affirmed by the state court of appeal, *Norco Construction, Inc. v. King County*, 29 Wash.App. 179, 627 P.2d 988 (1981), and the state supreme court, *Norco Construction, Inc. v. King County*, 97 Wash.2d 680, 649 P.2d 103 (1982) (en banc).

The supreme court decision was filed July 29, 1982; on August 23, 1982, the council approved Norco's application. In February 1983, Norco filed an action in state court for damages resulting from the county's refusal to act on its application before August 23, 1982. *Norco Construction, Inc. v. King County*, King County Cause No. 83–2–02563–0. The complaint alleged causes of action for tort and inverse condemnation under state law, as well as a federal cause of action under 42 U.S.C. § 1983. Under section 1983, Norco alleged the county's failure to act on the preliminary plat application within the statutory period denied it procedural due process and equal protection (given the previous approval of similar proposals submitted by others), and deprived it of property without just compensation. King County removed the case to the district court pursuant to 28 U.S.C. § 1441(a), (b).

The district court held Norco's claims barred by statutes of limitations. It determined that Wash.Rev.Code § 4.16.080(2) barred the federal claims, held applicable to section 1983 actions brought in Washington by *Rose v. Rinaldi*, 654 F.2d 546 (9th Cir. 1981). Applying federal law to determine when the section 1983 cause of action accrued, the court held that Norco knew or had reason to know of its claims by October 31, 1977. *See Norco Construction, Inc. v. King County*, slip op. at 4–6 (W.D. Wash. Sept. 7, 1984). The court ruled that under Washington law the pendent state tort and inverse condemnation claims were also time-barred, finding that Norco's state

causes of action had accrued by October 31, 1977.

The parties agree that state law supplies the statute of limitations for all of Norco's claims. *See Board of Regents v. Tomanio,* 446 U.S. 478, 483–84, 100 S.Ct. 1790, 1794–95, 64 L.Ed.2d 440 (1980); *Rose v. Rinaldi,* 654 F.2d 546 (9th Cir.1981). The district court applied the three-year limitation period in Wash.Rev.Code § 4.16.080(2) "for any ... injury to the person ... not hereinafter enumerated" to Norco's claims under 42 U.S.C. § 1983; it found Norco's inverse condemnation claim governed by the same statute. The court did not decide whether the three-year period of Wash.Rev.Code § 4.16.080(2) or the two-year period of Wash.Rev.Code § 4.16.130 applied to the tort claims, concluding that it was irrelevant which statute applied. Since we too find it immaterial whether a two or three-year statute governs Norco's claims, and since the parties do not challenge the district court's selection of state limitation periods on appeal, we will not reconsider the district court's identification of the relevant limitation periods.

State law also determines when the statute of limitations begins to run on state claims. Under Washington law, a cause of action accrues "when [a] party has a 'right to apply to a court for relief.'" *United States Oil & Refining Co. v. Department of Ecology,* 96 Wash.2d 85, 91, 633 P.2d 1329, 1333 (1981) (en banc) (quoting *Lybecker v. United Pacific Insurance Co.,* 67 Wash.2d 11, 15, 406 P.2d 945, 947 (1965)). Federal law, however, determines when the state limitations period begins for a claim under 42 U.S.C. § 1983. *See Cline v. Brusett,* 661 F.2d 108, 110 (9th Cir.1981); *Briley v. California,* 564 F.2d 849, 855 (9th Cir.1977). A federal claim is generally considered to accrue when the plaintiff "knows or has reason to know of the injury which is the basis of the action." *Trotter v. International Longshoremen's & Warehousemen's Union,* 704 F.2d 1141, 1143 (9th Cir.1983).

■ We first consider Norco's federal claims. The district court found that all three of Norco's section 1983 claims accrued on or before October 31, 1977. It held that Norco knew then that the county had treated it differently from other applicants (the equal protection claim), that the county would not act within the times provided by statute (the due process claim), and that the county intended an indefinite stay of any decision whether to permit subdivision of the land into one-acre lots (the inverse taking).

The district court's result is foreclosed by *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City,* — U.S. —, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985). In *Williamson County,* the plaintiff brought a 42 U.S.C. § 1983 action against the county. The plaintiff claimed, as does Norco in this case, that the county's temporary refusal to allow development of its property constituted a compensable taking. The Court did not reach the merits, but found the action premature. The Court remanded the case for further proceedings because the action would not be ripe until the county had reached a final decision on how much development, if any, would be allowed on the property. 105 S.Ct. at 3117.

■ We conclude that under federal law the general rule is that claims for inverse taking, and for alleged related injuries from denial of equal protection or denial of due process by unreasonable delay or failure to act under mandated time periods, are not matured claims until planning authorities and state review entities make a final determination on the status of the property. The duration of the wrongful taking may be relevant to determining whether a wrong has occurred, as well as the extent of the damage suffered. We recognize a claim might also arise when it is clear beyond peradventure that excessive delay in such a final determination has caused the present destruction of the property's beneficial use. The instant case does not require us to address that question, however.

The conclusion that a claim is premature for adjudication controls as well the determination that the claim has not accrued for purposes of limitations of actions. In suits for wrongful deprivation of property under 42 U.S.C. § 1983, the same considerations that render a claim premature prevent accrual of a claim for limitations purposes, and the claim does not accrue until the relevant governmental authorities have made a final decision on the fate of the property. *McMillan v. Goleta Water District*, 792 F.2d 1453 (9th Cir.1986). In *McMillan*, we considered a landowner's claim that a water moratorium constituted an unlawful taking. The moratorium began in 1973; however, a final decision by the county to deny the plaintiffs' application for service was made in 1982. We held the cause of action accrued in 1982. Even though the plaintiffs knew of the taking earlier, waiting for a final determination increased the possibility of finding a mutually acceptable solution.

In the instant case, we hold that the cause of action could not have accrued before August 1982, when the county made its final decision. Norco was entitled, indeed required, to await the final decision of the county without commencement of the statute of limitations. To hold that a cause of action accrued before that date in effect would bar Norco from relief. Courts have held consistently that a cause of action does not accrue until a party has a right to enforce the claim. *Baron v. Allied Artists Pictures Corp.*, 717 F.2d 105, 108 (3d Cir. 1983); *United States Department of Labor v. Old Ben Coal Co.*, 676 F.2d 259, 261 (7th Cir.1982).

We reach a similar conclusion with respect to Norco's state law causes of action. Because Norco did not have the right prior to August 1982 to apply to a court for the relief which it now seeks, these claims too are not barred by the statute of limitations. *United States Oil & Refining Co. v. Department of Ecology*, 96 Wash.2d 85, 91, 633 P.2d 1329, 1333 (1981) (en banc).

The Supreme Court's opinion in *Williamson County, supra,* may have one further impact in this litigation. In *Williamson County,* the Court concluded that the 42 U.S.C. § 1983 action, for inverse taking, would not be ripe until the plaintiff could show that no adequate relief from the state was available. The Court noted that Tennessee law provided a property owner with statutory inverse condemnation rights in cases of unreasonably restrictive zoning laws. 105 S.Ct. at 3122. Neither party in this case has discussed whether Washington law provides such relief. These matters should be determined in the first instance in the district court.

The county argued that even if the damage claims were not untimely, they were barred as res judicata by reason of the earlier judgment in the state court. Although on appeal there was no oral argument of res judicata, both parties briefed the issue. We reach it here.

There is no dispute that Washington law determines whether Norco's state and federal causes of action are barred as res judicata. *See, e.g., Migra v. Warren City School District*, 465 U.S. 75, 85, 104 S.Ct. 892, 898, 79 L.Ed.2d 56 (1984). Under Washington law, a party seeking mandamus relief may recover in the same action "all damages which are the natural and proximate result of the official misconduct." *Hillis Homes, Inc. v. Snohomish County*, 32 Wash.App. 279, 282–83, 647 P.2d 43, 45 (1982); Wash.Rev.Code § 7.16.-260. Further, since res judicata bars an action where "the relief sought could and should have been determined in a prior action," *Sanwick v. Puget Sound Title Insurance Co.*, 70 Wash.2d 438, 441, 423 P.2d 624, 627 (1967), failure to seek damages recoverable in an earlier mandamus proceeding may bar a later action for those damages. *See Stewart v. Maybury*, 164 Wash. 500, 504–05, 3 P.2d 138, 140 (1931) (en banc); *Achey v. Creech*, 21 Wash. 319, 320–21, 58 P. 208, 209 (1899).

Norco's causes of action for damages are not res judicata, for Norco could not have raised them in the earlier mandamus proceeding. All it could show in that proceeding was a right to have *some* action taken

on its application, and it is unlikely it could have shown any substantial damage caused by the violation of that right alone. *See Hillis Homes,* 32 Wash.App. at 285, 647 P.2d at 46–47 (developer's damages not proximately caused by county's delay in acting on preliminary plat application). Norco's present claim for damages goes beyond seeking compensation solely for the failure to take some action on its plat. It seeks instead recompense for the refusal to permit it to subdivide its property. While we express no opinion on the merits of any of Norco's stated causes of action, the limited relief available in the state mandamus proceeding prevents invoking res judicata to bar its claims.

The judgment of the district court is REVERSED, and the case is REMANDED for further proceedings.