21 F.3d 1115
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Arthur Frank SANFORD, Plaintiff-Appellant,
v.
Ira REINER; Edward Miller; John Nickols; Gary W. Hutton;
Michael Brenner, Defendants-Appellees.
 No. 93-56375.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1994.*
Decided April 12, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arthur Frank Sanford appeals pro se the district court's dismissal of his 42 U.S.C. Secs. 1983 and 1985 action as barred by the statute of limitations. Sanford alleged that defendants violated his constitutional rights in connection with his 1986 state court conviction for barratry.[1] We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo a district court's dismissal of an action on statute of limitations grounds. Harding v. Galceran, 889 F.2d 906, 907 (9th Cir.1989), cert. denied, 498 U.S. 1082 (1991). "When a motion to dismiss is based on the running of a statute of limitation period, dismissal can be granted 'only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.' " Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir.1991) (citations omitted).
 
 
 4
 The applicable statute of limitations for section 1983 and 1985 claims is the limitations period for personal injury causes of action under California state law. See Taylor v. University of California, 993 F.2d 710, 711 (9th Cir.1993) (citing Wilson v. Garcia, 471 U.S. 261, 279-80 (1985)), cert. denied, 114 S.Ct. 890 (1994). Under California's applicable statute of limitations, a party has one year from the date he knew or should have known of the facts supporting a cause of action within which to commence his section 1983 or section 1985 claim. See Cal.Code Civ.Proc. Sec. 340(3); Taylor, 993 F.2d at 711. An action is deemed to be commenced when the complaint is filed. Fed.R.Civ.P. 3.
 
 
 5
 Federal law determines when a cause of action accrues. Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir.1991) (citing Norco Construction, Inc. v. King County, 801 F.2d 1143, 1145 (9th Cir.1986)), cert. denied, 112 S.Ct. 1161 (1992). "A federal claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Id. (citations and quotations omitted).
 
 
 6
 Here, Sanford states that the grounds for his action occurred in December 1986 when he was convicted of barratry, a crime which he claims he never committed. Sanford contends that the record from his 1986 trial demonstrates that defendants suppressed exculpatory evidence from the court. This exculpatory evidence allegedly consisted of: (1) the defendants' knowledge that Sanford had never served a complaint and summons in any of the state actions that formed the basis of the barratry charge; (2) the failure of the defendants to file or serve Sanford with a proper complaint that showed probable cause for his arrest; (3) the defendants' failure to obtain a warrant for his arrest; and (4) the defendants' knowledge that the criminal barratry statute was unconstitutionally vague. Sanford further states that on December 17, 1986, he told defendant Miller that he had not received a copy of the complaint and that no warrant for his arrest had been issued. He also states that he knew on December 29, 1986, the day of his criminal trial, that defendants had allegedly failed to file a complaint against him.
 
 
 7
 The injury that forms the basis of Sanford's complaint is his state criminal conviction for barratry. The complaint reveals that the latest date on which Sanford knew of his injury was December 29, 1986, the date he was sentenced. Because Sanford did not file this action until 1993, the district court properly dismissed the action as barred by the statute of limitations. See id.; Taylor, 993 F.2d at 711.
 
 
 8
 The defendants have requested sanctions on appeal pursuant to Rule 38 of the Federal Rules of Appellate Procedure. "We reserve the imposition of sanctions against a pro se plaintiff for those cases which demonstrate the most egregious abuses." See Cook v. Peter Kiewit Sons Co., 775 F.2d 1030, 1036-37 (9th Cir.1985), cert. denied, 476 U.S. 1183 (1986). Because the record does not demonstrate such abuses, we deny the defendants' motion for sanctions. See id.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Barratry is "the practice of exciting groundless judicial proceedings." Cal.Penal Code Sec. 158