42 F.3d 1400
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert L. HUBBARD, Plaintiff-Appellant,
v.
MUNICIPALITY OF METROPOLITAN SEATTLE, Defendant-Appellee.
 No. 94-35107.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1994.*
Decided Nov. 4, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert L. Hubbard appeals pro se the district court's dismissal his action as time barred.[1] Hubbard alleged that his former employer, Municipality of Metropolitan Seattle ("METRO") discriminated against him on the basis of his race and disability in violation of Section 504 of the Rehabilitation Act, 42 U.S.C. Sec. 1981, and Washington Revised Code section 49.60. Hubbard also alleged that METRO breached its settlement agreement with him when METRO terminated him as a transit operator. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, Gerritsen v. Consulado General de Mexico, 989 F.2d 340, 343 (9th Cir.), cert. denied, 114 S.Ct. 95 (1993), and affirm.[2]
 
 
 3
 * Rehabilitation Act and Wash.Rev.Code Sec. 49.60
 
 
 4
 The parties do not dispute that the applicable statute of limitations is three years. Hubbard concedes that he filed his action more than three years from the date of his termination, but contends that fraudulent concealment by METRO tolled the statute of limitations. This contention lacks merit.
 
 
 5
 Whether the statute of limitations is tolled is determined by state law not inconsistent with federal policy. Board of Regents v. Tomanio, 446 U.S. 478, 483-85 (1980). Under Washington law, a claim of fraudulent concealment for purposes of tolling the statute of limitations requires the plaintiff to show "(1) that the plaintiff exercised due diligence in trying to uncover the facts, and (2) that the defendant engaged in affirmative conduct which would lead a reasonable person to believe that no claim for relief existed." Nordhorn v. Landish Co., 9 F.3d 1402, 1406 (9th Cir.1993); see Wood v. Gibbons, 685 P.2d 619, 621 (Wash.Ct.App.), rev. denied, 103 Wash.2d 1009 (1984); Central Heat, Inc. v. Daily Olympian, Inc., 443 P.2d 544, 549-50 (Wash.1968). A mere failure to provide information does not constitute fraudulent concealment for purposes of tolling the statute of limitations. Id.
 
 
 6
 We agree with the district court that Hubbard failed to show that he exercised due diligence in trying to uncover the facts and failed to show that METRO engaged in affirmative conduct that misled Hubbard. See Nordhorn, 9 F.3d at 1406.
 
 
 7
 In the alternative, Hubbard contends that his cause of action did not accrue until he learned of METRO's wrongdoing. This contention also lacks merit.
 
 
 8
 State law determines when the statute of limitations begins to run on state claims, while federal law governs the time of accrual on federal claims. Norco Const., Inc. v. King County, 801 F.2d 1143, 1145 (9th Cir.1986). Under Washington law, a cause of action accrues "when the plaintiff discovers or reasonably should discover all the essential elements of a cause of action." Douchette, 818 P.2d at 1366. Under federal law, a cause of action generally accrues "when a plaintiff knows or has reason to know of the injury which is the basis of his action." Norco Const., 801 F.2d at 1145.
 
 
 9
 We first consider Hubbard's discrimination claim under Wash.Rev.Code section 49.60. To establish a cause of action for discrimination under section 49.60. the plaintiff must show that he (1) belongs to a protected class, (2) was qualified for the position or was doing satisfactory work, and (3) was replaced by someone outside of plaintiff's protected class. See Jones v. Kitsap County Sanitary Landfill, Inc., 803 P.2d 841, 842-43 (Wash.Ct.App.1991); see also Douchette, 818 P.2d at 1366 (age discrimination under section 49.60).
 
 
 10
 Here, the record reveals that Hubbard was aware of all the facts giving rise to his cause of action under section 49.60 at the time he was discharged. See Douchette, 818 P.2d at 1366. Thus, Hubbard's state claims accrued when he was discharged. See id. Accordingly, Hubbard's state claims are time barred. See Gerritsen, 989 F.2d at 343.
 
 
 11
 Next we consider Hubbard's discrimination claims under the Rehabilitation Act. The elements essential for a cause of action for discrimination under the Rehabilitation Act are (1) the plaintiff is handicapped within the meaning of the Act, (2) the plaintiff is otherwise qualified for the job, and (3) the defendant took adverse action because of the handicap. Doe v. U.S. Attorney General, No. 93-15253, slip op. at 9999 (9th Cir. Aug. 30, 1994).
 
 
 12
 Here, the record reveals that Hubbard was aware of all the facts essential to his cause of action under the Act at the time he was discharged. See id. Thus, Hubbard's claims under the Act accrued when he was discharged. See id. Accordingly, Hubbard's claims are time barred. See Gerritsen, 989 F.2d at 343.
 
 II
 Section 1981
 
 13
 Section 1981 prohibits racial discrimination only in connection with the initial formation and enforcement of contracts. Patterson v. McLean Credit Union, 491 U.S. 164, 176-78 (1989). Section 1981 does not extend to racial harassment during the course of employment, id., nor to retaliatory discharge. Overby v. Chevron USA, Inc., 884 F.2d 470, 472-73 (9th Cir.1989). Thus, the district court's dismissal of this claim was proper. See id.[3]
 
 III
 Breach of the Settlement Agreement
 
 14
 Under Washington law, the statute of limitations for breach of a written contract is six years. Wash.Rev.Code Sec. 4.16.040(1). A cause of action accrues upon notice of the employer's decision to terminate the employment relationship, not on the date the employment is actually severed. Douchette, 818 P.2d at 1367 (citing Delaware State College v. Ricks, 449 U.S. 250, 254 (1980) (cause of action arose upon notice of the decision to deny tenure)).
 
 
 15
 Here, METRO notified Hubbard of its decision to terminate the employment relationship on May 21, 1987, more than six years prior to the filing of Hubbard's action. Thus, the district court did not err by dismissing Hubbard's breach of contract claim as time barred. See Gerritsen, 989 F.2d at 343.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 A statute of limitations defense may be raised by a motion to dismiss or a motion for summary judgment. Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir.1980). Although the district court dismissed the action pursuant to Fed.R.Civ.P. 12(b)(6), the record reveals that matters outside the pleadings were considered by the court and that the district court provided Hubbard with a reasonable opportunity to respond. We therefore treat the dismissal as a summary judgment under Fed.R.Civ.P. 56. See Retail Clerks Union Local 648, AFL-CIO v. Hub Pharmacy, Inc., 707 F.2d 1030, 1032 n. 1 (9th Cir.1983)
 
 
 [2]
 Hubbard does not appeal the district court's dismissal of his negligence claim against METRO
 
 
 [3]
 We may affirm on any grounds supported by the record. O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir.1990)