46 F.3d 1138
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gerald Glen BOYDEN, Plaintiff-Appellant,
v.
Barry RUBIN; Working Alternatives, Inc., Defendants-Appellees.
 No. 93-56356.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 11, 1995.*
Decided Jan. 20, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gerald Glen Boyden, a former federal prisoner, appeals pro se the district court's summary judgment in favor of Working Alternatives, Inc., the owner and operator of a halfway house under contract to the federal government, and its employee Barry Rubin. Boyden alleged that the defendants violated his constitutional rights by delaying the approval and submission of his parole release plan and thereby delaying his parole from October 25, 1991 to November 25, 1991. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 In determining whether a complaint states a claim, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989). Here, Boyden's action alleges a constitutional deprivation by private actors affiliated with the federal government. Accordingly, we may construe his action as alleging a Bivens claim.[1] See Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971).
 
 
 4
 Although the district court dismissed the action on summary judgment grounds finding no genuine material issue of fact, we may affirm a district court's decision on any grounds supported by the record. Gemtel Corp. v. Community Redevelopment Agency of Los Angeles, 23 F.3d 1542, 1546 (9th Cir.1994).
 
 
 5
 In determining the statute of limitations for a Bivens action, federal courts use the state statute of limitations for personal injury claims in the state where the district court is located. Van Strum v. Lawn, 940 F.2d 406, 410 (9th Cir.1991). In California, the applicable statute is Cal.Civ.P.Code Sec. 340(3), which provides for a limitations period of one year from the date the cause of action accrues. McDougal v. County of Imperial, 942 F.2d 668, 672 (9th Cir.1991). "A federal claim is generally considered to accrue when the plaintiff knows or has reason to know of the injury which is the basis of the action." Norco Constr., Inc. v. King County, 801 F.2d 1143, 1145 (9th Cir.1986) (quotation omitted). "If the running of the statute is apparent on the face of the complaint, the defense may be raised by a motion to dismiss." Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (1980).
 
 
 6
 Here, it is clear from the face of Boyden's complaint that the action is barred by the statute of limitations. See id. All of the complained of activities occurred in the fall of 1991, at which time Boyden knew or should have known of the injury giving rise to his cause of action. See Norco Constr., 801 F.2d at 1145. Boyden, however, did not file this action until January 1993, more than two years later. Accordingly, the action is time-barred. See Van Strum, 940 F.2d at 410; McDougal, 942 F.2d at 672; Norco Constr., 801 F.2d at 1145.[2]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although a Bivens action does not lie against a private person, a valid Bivens claim may be stated against private persons who are willful participants in joint action with the government or its agents. See Schowengerdt v. General Dynamics Corp., 823 F.2d 1328, 1338 n. 17 (9th Cir.1987)
 
 
 [2]
 In addition, it does not appear that the statute was tolled during this during this period. Compare Cal.Civ.P.Code Sec. 352(a)(3) (statute of limitations tolled if "at the time the cause of action accrued, ... [the injured party was] imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life") with Boag v. Chief of Police, City of Portland, 669 F.2d 587, 589 (9th Cir.) (holding that even if a state statute tolls the running of the statute while a plaintiff is incarcerated, the statute of limitations started running upon the prisoner's release on parole), cert. denied, 459 U.S. 849 (1982) and Deutch v. Hoffman, 165 Cal.App.3d 152, 166 (1984) (statute of limitations not tolled during period when prisoner was on parole)