Marina CHANG; Craig S. Harrison, Plaintiffs—Appellants,

v.

SONOMA COUNTY; Tamara S. Boultbee; Spencer B. Humphrey; David F. Phillips; William A. Stanfield, Sr.; Myron A. Beigler, Defendants—Appellees.

No. 03–15399.

D.C. No. CV–02–04581–EDL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 16, 2004.

Decided April 29, 2004.

Marina Chang, Santa Rosa, CA, pro se.

Craig S. Harrison, Santa Rosa, CA, pro se.

Marshall E. Bluestone, Bonnie A. Freeman, Senneff Freeman & Bluestone, Santa Rosa, CA, for Defendants–Appellees.

Before T.G. NELSON, W. FLETCHER, and BERZON, Circuit Judges.

### MEMORANDUM *

Marina Chang and Craig S. Harrison appeal a magistrate judge's grant of summary judgment upon their claims of constitutional rights violations. The facts are known to the parties, and we recite them here only as necessary. The magistrate judge correctly ruled that Appellants' claims fell under 42 U.S.C. § 1983 and were therefore barred by California's one-year statute of limitations. Accordingly, we affirm.[1]

Appellants claim the Bennett Valley Design Review Committee, acting under the authority of Sonoma County, California, violated their constitutional rights of equal protection, procedural due process, the Fourteenth Amendment right to travel, Article IV privileges and immunities, and their right to be free from racial discrimination. These claims are necessarily brought under § 1983,[2] which does not contain a statute of limitations. "When Congress has not established a time limitation for a federal cause of action, the settled practice [is] to adopt a local time limitation as federal law...."[3] For § 1983 actions brought in California, this court has adopted the one-year statute of limitations for personal injury claims set forth in California Code of Civil Procedure § 340(3).[4]

In land use cases such as this, claims for damages under § 1983 do "not accrue until the relevant governmental authorities have made a final decision on the fate of the property."[5] Sonoma County upheld its Permit and Resource Management Department's approval of Appellant's second architectural plan on January 20, 2000.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *See Oliver v. Keller,* 289 F.3d 623, 626 (9th Cir.2002) (stating that this court reviews a grant of summary judgment *de novo*).

2. *See Baker v. McCollan,* 443 U.S. 137, 145 n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979) (stating that 42 U.S.C. § 1983 provides individuals a method for vindicating violations of constitutional rights).

3. *Wilson v. Garcia,* 471 U.S. 261, 265–66, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985).

4. *Daviton v. Columbia/HCA Healthcare Corp.,* 241 F.3d 1131, 1135 (9th Cir.2001) (en banc).

5. *Norco Constr., Inc. v. King County,* 801 F.2d 1143, 1146 (9th Cir.1986).

Appellants argue that the approval of the landscaping, and not the architectural plan, was the relevant final decision. However, the process of building the dwelling commenced shortly after the approval of the second architectural plan, before the approval of the landscaping plan. Appellants have not shown that the dwelling would have been demolished if the landscaping plan had not been approved. The approval of the architectural plan was a final decision of the relevant government authority regarding the construction of the dwelling, placed Appellants on notice of their injury, and began the running of the California one-year statute of limitations. Appellants' claims are therefore barred by the statute of limitations.

Appellants have not demonstrated a concrete likelihood of a future deprivation of rights.[6] We therefore decline to remand for consideration of appellants' claim for declaratory and injunctive relief against future harm.

AFFIRMED.

---

6. See Partington v. Gedan, 961 F.2d 852, 862 (9th Cir.1992).

