**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

WOODS VIEW II, LLC; et al.,

              Plaintiffs - Appellants,

   v.

KITSAP COUNTY; et al.,

              Defendants - Appellees.

No. 11-35605

D.C. No. 3:10-cv-05114-BHS

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted June 5, 2012
Seattle, Washington

Before: SILVERMAN and MURGUIA, Circuit Judges, and HALL, District
Judge.**

     Woods View II, LLC ("Woods View") and Darlene A. Piper appeal the

district court's grant of summary judgment in favor of Kitsap County, Washington,

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     **     The Honorable Janet C. Hall, District Judge for the District of
Connecticut, sitting by designation.

and three County officials ("Appellees") on 42 U.S.C. § 1983 claims arising from the failure of a proposed real estate development. The district court found that Piper, the sole member of Woods View and guarantor of its debts, lacked standing to bring individual claims against Appellees. The court further found that Woods View's claims were not ripe. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm, in part on alternate grounds.

Like the district court, we find that Piper's personal financial losses are derivative of Woods View's own losses. Piper was not injured directly and independently of the limited liability company and therefore lacks standing to pursue individual claims against Appellees. *See RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1057 (9th Cir. 2002).

As to the ripeness of Woods View's claims, the district court concluded that Woods View could not meet its burden of proving that a final decision had been reached on its permit applications, because the applications were ultimately approved and Woods View did not appeal the agencies' decisions. We disagree. When takings or due process claims are based on a permitting authority's unreasonable delay or failure to act within mandated time periods, a permit approval constitutes a final decision for ripeness purposes. *See Norco Constr., Inc. v. King Cnty.*, 801 F.2d 1143, 1145-46 (9th Cir. 1986).

2

However, we find that Woods View's takings claim is not ripe, because Woods View has not demonstrated that it pursued and was denied just compensation in Washington state court prior to filing its federal takings claim. *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 195 (1985).

Further, while we find that Woods View's procedural and substantive due process claims are ripe, we agree with the district court's alternative findings that the claims fail on the merits. Woods View alleges that its due process rights were violated by Appellees' interference with its application for a Large On-Site Sewage System operating permit ("LOSS permit") from the Washington Department of Health ("DOH") and by Appellees' failure to issue a decision on its Site Development Activity Permit ("SDAP") and State Environmental Policy Act ("SEPA") applications within the 78-day period provided by county law. Neither allegation can support a procedural or substantive due process claim.

First, Appellees' alleged interference with Woods View's LOSS permit application cannot give rise to a due process claim, because Woods View did not have a legitimate claim of entitlement to a LOSS permit. Nor did it have a legitimate claim of entitlement to a decision on its LOSS permit application within a particular period of time. In the absence of a cognizable property interest, due

3

process is not violated. *See Shanks v. Dressel*, 540 F.3d 1082, 1090-91 (9th Cir. 2008).

While Woods View did have a legitimate claim of entitlement to a decision on its SDAP and SEPA applications within 78 days, meaningful post-deprivation remedies were available to address Appellees' failure to act by the statutory deadline. *See Norco Constr., Inc. v. King Cnty.*, 649 P.2d 103, 104-07 (Wash. 1982). Such post-deprivation remedies were sufficient to satisfy procedural due process. *See Parratt v. Taylor*, 451 U.S. 527, 539 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).

Finally, because it is at least fairly debatable that Appellees' delays in issuing the SDAP and SEPA approvals were rationally related to a legitimate governmental interest in ensuring that local development complied with state law, Woods View cannot meet the "exceedingly high burden" for establishing a substantive due process claim. *Shanks*, 540 F.3d at 1088-89.

**AFFIRMED.**