# FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 22 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| NICHOLAS HONCHARIW, Trustee, Honchariw Family Trust,<br><br>          Plaintiff-Appellant,<br><br>v.<br><br>COUNTY OF STANISLAUS and BOARD OF SUPERVISORS OF COUNTY OF STANISLAUS,<br><br>          Defendants-Appellees. | No.   16-17256<br><br>D.C. No.<br>1:16-cv-01183-LJO-BAM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Argued and Submitted February 15, 2018
San Francisco, California

Before: SCHROEDER, TORRUELLA,[**] and FRIEDLAND, Circuit Judges.

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The Honorable Juan R. Torruella, United States Circuit Judge for the First Circuit, sitting by designation.

Plaintiff-Appellant Nicholas Honchariw appeals the district court's order dismissing his federal takings and due process claims. Our appellate jurisdiction rests on 28 U.S.C. § 1291, and we **AFFIRM.**

After unsuccessfully seeking administrative approval of his proposed subdivision in 2009, Honchariw brought a mandamus action in state court and obtained a favorable ruling from the California Court of Appeal in 2011. *See Honchariw v. Cty. of Stanislaus*, 200 Cal. App. 4th 1066 (Ct. App. 2011). He obtained administrative approval in 2012, and subsequently filed a new state court action for inverse condemnation that the Court of Appeal held was time barred. *See Honchariw v. Cty. of Stanislaus*, 238 Cal. App. 4th 1, 15 (Ct. App. 2015).

Honchariw then sought relief in federal court. He now appeals the dismissal of his federal § 1983 action claiming damages for a regulatory taking and denial of due process in connection with the original 2009 administrative denial. The district court dismissed the takings claim on the ground that Honchariw failed to exhaust state remedies by failing to timely pursue his remedies under state law, as the Court of Appeal had ruled. The district court dismissed his due process claim because it accrued upon the 2009 denial and was not filed within the two-year statute of limitations.

On appeal, the thrust of Honchariw's argument is that neither claim ripened until the 2012 approval. But the challenged deprivation of use of the property took place in 2009 with the permit denial, and thus his grievances all stem from that action. *See TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) ("[A] claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.").

A regulatory takings claim is not ripe for review in federal court until the plaintiff has sought "compensation through the procedures the State has provided for doing so." *Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 194 (1985). A plaintiff who fails to bring his state claim in compliance with the applicable statute of limitations thus forfeits his federal claim as well. *See Daniel v. Cty. of Santa Barbara*, 288 F.3d 375, 382 (9th Cir. 2002). Because Honchariw's inverse condemnation action was untimely under state law, *Honchariw*, 238 Cal. App. 4th at 15, he is now barred from pursuing a federal takings claim.

There is a limited exception to the exhaustion requirement where state remedies are either unavailable or inadequate. *Williamson Cty.*, 473 U.S. at 196-97. Honchariw contends that applying the governing 90-day state limitations period to his takings claim foreclosed any available state court remedies because he

did not have a ripe inverse condemnation action until his subdivision was approved in 2012. But, as the California Court of Appeal explained, Honchariw could have timely brought his inverse condemnation action as part of his mandamus petition within 90 days of the 2009 decision. *Honchariw*, 238 Cal. App. 4th at 14-15. The cases on which Honchariw relies recognize that claims based on regulatory denials of property use accrue when there has been a final administrative decision under state law as to the claimed denials. *See Williamson Cty.*, 473 U.S. at 186; *Norco Constr., Inc. v. King Cty.*, 801 F.2d 1143, 1145 (9th Cir. 1986). That final decision here was the Board's 2009 denial, not its 2012 approval. Indeed if an owner had to wait for a favorable result he might never be able to challenge a denial as a violation of federal rights.

Moreover, the California Court of Appeal's 2015 decision observed that even if the inverse condemnation claim did not ripen until the Board's 2012 approval, Honchariw did not file his inverse condemnation claim until after the 90-day limitation period had expired. *See Honchariw*, 238 Cal. App. 4th at 15. The district court thus correctly held that there was a failure to exhaust state law remedies.

The district court also correctly determined that Honchariw's federal due process claim is time barred. Honchariw's claim accrued when his application was

denied in 2009. Further proceedings vindicating Honchariw's rights could not have led to the due process violation—if anything, they eliminated the violation. Accordingly, Honchariw's claim was untimely under the applicable two-year statute of limitations. *See Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1026 (9th Cir. 2007) ("It is well-established that claims brought under § 1983 borrow the forum state's statute of limitations for personal injury claims, and in California, that limitations period is two years.") (internal citations omitted).

**AFFIRMED.**