David S. PONTIER, Plaintiff,

v.

**CITY OF CLEARWATER, FLORIDA,
Det. Cronin, and Det. Frank Daly,
Defendants.**

**No. 92–1956–CIV–T–17B.**

United States District Court,
M.D. Florida,
Tampa Division.

April 13, 1995.

David S. Pontier, Encinitas, CA, pro se.

Robert James Surette, City Attorney's Office, City of Clearwater, Clearwater, FL, for Clearwater Police Dept.

Miles A. Lance, City of Clearwater, Clearwater, FL, Robert James Surette, City Attorney's Office, City of Clearwater, Clearwater, FL, for City of Clearwater, Fla., Detective Cronin, Detective Frank Daly.

### ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

THIS CAUSE is before the Court on Defendants' City of Clearwater, Detective Cronin and Detective Frank Daly's Motion for Summary Judgment, filed September 12, 1994 (Docket No. 67) and response thereto filed by *pro se* Plaintiff David Pontier on February 17, 1995 (Docket No. 85).[1]

---

**1.** The Court will consider the Plaintiff's "Answer to Defendant's Motion for Summary Judgment" (Docket No. 85), even though it was filed three days after the deadline imposed by Order of the Court (Docket No. 79).

## STANDARD OF REVIEW

A motion for summary judgment should only be granted where the moving party has sustained its burden of showing that there is no genuine issue of material fact in dispute when all the evidence is viewed in the light most favorable to the non-moving party. *Sweat v. The Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). The plain language of Federal Rule 56(c) requires that summary judgment be granted after "adequate time for discovery and upon motion, against a party who fails to establish the existence of an essential element to that party's case, and on which that party will bear the burden at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In addition, the non-moving party must go beyond the pleadings, pursuant to Rule 56(e), in establishing whether there are specific facts showing there is a genuine issue for trial. *Id.* at 325. This Court recognizes that particular care must be taken when deciding on a Motion for Summary judgment filed against a *pro se* litigant.

## FACTUAL BACKGROUND

Plaintiff initiated this action on December 14, 1992, by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. On February 12, 1994, Plaintiff filed an amended complaint (Docket No. 14, hereinafter "Complaint"). In his complaint, Plaintiff makes two (2) substantive allegations. The first is that officers from the Clearwater Police Department "planted" cocaine in a pair of jeans that were found during a consent search of Plaintiff's hotel room. Plaintiff's second allegation is that he was deprived of due process when the police confiscated $1,091.00 in cash following his arrest on charges of trafficking in cocaine. Plaintiff first requested return of the money in 1988; the money was eventually returned to him in April, 1993. The events leading up to Plaintiff's complaint are set out in detail below.

On May 27, 1988, Plaintiff and Timothy McCubbin were arrested by officers of the Clearwater Police Department as a result of a reverse drug sting operation and charged with trafficking in cocaine and conspiracy to traffic in cocaine. During the arrest, certain property was seized from Plaintiff and McCubbin. This property included $85.00 in cash, which was taken from the glove compartment of McCubbin's vehicle, and $1,006.00 in cash, which was taken from a pair of pants in which there was a small packet of cocaine and a wallet and identification belonging to Thomas Mooney. The pants were found in a hotel room shared by Plaintiff and McCubbin. McCubbin signed a consent to search form allowing the police officers to search the hotel room. Plaintiff, however, did not sign a consent to search form.

On October 23, 1991, the Sheriff served a Petition for Writ of Replevin on the Clearwater Police Department. In the petition, Plaintiff claimed an interest in the $85.00 seized from the glove compartment and the $1,006.00 taken from the pants, in addition to numerous other items of personal property. On November 13, 1991, Assistant City Attorney Robert Surette wrote Plaintiff, informing him that he would return all of the property requested, except for the $1,091.00, and subsequently made arrangements for the return of the property.

Between November, 1991, and the end of 1992, Mr. Surette received numerous public records requests from Plaintiff. On October 4, 1992, Plaintiff sent a letter to Mr. Surette again requesting the return of the $1,091.00 and threatening this current action if he did not receive the money he claimed he owned. On October 23, 1992, Mr. Surette sent a letter to Plaintiff explaining that the money was not being sent to the Plaintiff because Plaintiff had not presented any evidence that the money belonged to him and not McCubbin or Mooney.

On October 28, 1992, Plaintiff sent Mr. Surette an affidavit signed by Mooney stating that the $1,006.00 found in the hotel on May 27, 1988, did not belong to Mooney. The affidavit was signed on December 8, 1991, but this was the first time Plaintiff presented it to anyone involved in this matter. The Detectives contend that they treated the money as "unclaimed evidence" under Fla.Stat.Ann. § 705.101(6) (Title to unclaimed evidence vests in the seizing agency sixty (60) days after the conclusion of the

proceeding if no claim is made to the property). Plaintiff was sentenced on the charges arising from the May 27, 1988, arrest on January 8, 1990. Detective Reina transferred the money into the special law enforcement trust fund in March 1990. The Detective stated that he believed that the $85.00 belonged to McCubbin, since it was found in his car, and that the $1,006.00 belonged to Mooney, since it was found in the pants also containing Mooney's wallet and identification.

Based on the affidavit from Mooney that he was not making a claim to the money, Mr. Surette sent Plaintiff a letter on January 7, 1993, indicating that he would send Plaintiff the $1,091.00. On April 15, 1993, a check was mailed to Plaintiff, payable to him, in the amount of $1,091.00.

## DISCUSSION

### A. The City of Clearwater

Prior to addressing the issues raised in Plaintiff's complaint against the detectives in this action, the Court will address the propriety of Plaintiff's action against the City of Clearwater. The Supreme Court discussed the scope of a municipality's liability in § 1983 actions in *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), and concluded that:

> [A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

▬ Thus, a city may be sued under § 1983 only for its own unconstitutional or illegal policies. Plaintiff's claim, therefore, is inadequate in that he has not contended that the alleged acts of the Defendant detectives were the result of a policy or custom established and supported by the City of Clearwater. Even if Plaintiff had plead such allegations, he would be asking this Court to infer the existence of a city policy based on the isolated, alleged misconduct of the defendant officers. The United States Supreme

Court, however, has repeatedly rejected such an inference. *Pembaur v. Cincinnati*, 475 U.S. 469, 480–84, 106 S.Ct. 1292, 1298–1301, 89 L.Ed.2d 452 (1986); *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 831, 105 S.Ct. 2427, 2440, 85 L.Ed.2d 791 (1985); *Monell*, 436 U.S. at 691, 98 S.Ct. at 2036. Additionally, Plaintiff's claim essentially states that the City of Clearwater is liable for the alleged acts of Detectives Cronin and Daly by the nature of the City's relationship with the officers as employer. Thus, Plaintiff contends that the City of Clearwater is liable for the detectives' actions based on *respondeat superior*. However, the Supreme Court held in *Monell* that a city cannot "be held liable *solely* because it employs a tort feasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell* at 691, 98 S.Ct. at 2036.

At no time has Plaintiff alleged that the acts of the Defendant Detectives were the result of a policy or custom of the City of Clearwater. As noted above, this is an essential element of a § 1983 claim against a municipality. Without this element, Plaintiff's complaint cannot withstand the City of Clearwater's motion for summary judgment. A court cannot rewrite an inadequate complaint to plead essential allegations in order to sustain an action. This is true even in cases involving *pro se* litigants. Therefore, since Plaintiff's complaint is insufficient in this regard, the City of Clearwater is entitled to summary judgment.

### B. Defendants Cronin and Daly

As noted above, Plaintiff makes two (2) substantive allegations against Defendants Cronin and Daly arising from the circumstances discussed above.

I. The first allegation is that the detectives "pilfered" cocaine from the property room at the Clearwater Police Department and "planted" it in the pants found in Plaintiff's hotel room on May 27, 1988. These pants also had $1,006.00 in cash and the wallet and identification of Mooney. Plaintiff alleges that the pants were searched three (3) times, and that it was not until the third search that a small quantity of cocaine was discovered.

Plaintiff theorizes that some time after the first and second searches, and prior to the third search, which was conducted at the Police Department, Defendants Daly and Cronin placed a small quantity of cocaine into the pants. Plaintiff further asserts that Defendants "planted" this cocaine so that if anyone claimed an interest in the cash from the pants, that person would face charges of possession of the cocaine found in the pants. Plaintiff contends that this alleged act violates his Fourteenth Amendment right to due process, in that the officers attempted to threaten him with a charge of possession of cocaine so that he would not claim an interest in the $1,091.00. Therefore, he claims that he was deprived of property without due process.

■■■■ This claim asserted by Plaintiff, however, is barred by the statute of limitations. Plaintiff claims that his constitutional rights were violated when the officers allegedly "planted" cocaine in the pants found during the search of his hotel room on May 27, 1988. Plaintiff commenced this action on December 14, 1992, more than four (4) years and seven (7) months after his arrest and after this event allegedly occurred.

Because § 1983 does not contain a specific statute of limitations, 42 U.S.C. § 1988 directs courts to select and apply the most appropriate or analogous state statute of limitations. The Supreme Court has further stated that courts should select the statute of limitations in each state that applies to tort actions for the recovery of damages for personal injury. *Wilson v. Garcia,* 471 U.S. 261, 276, 105 S.Ct. 1938, 1947, 85 L.Ed.2d 254 (1985). Further, the Court stated that the statute, once selected, should govern all § 1983 actions arising in that state. *Id.* at 275, 105 S.Ct. at 1946; *see also Jones v. Preuit & Mauldin,* 763 F.2d 1250, 1252 (11th Cir.1985). The applicable statute of limitations in Florida is four (4) years. *Baker v. Gulf & Western Industries,* 850 F.2d 1480,

1481 (11th Cir.1988); *see* Fla.Stat.Ann. § 95.11(3). Plaintiff filed this action four (4) years and several months after the events leading to this claim. As such, his action is barred by the statute of limitations.

■■■■ It should also be noted that even if Plaintiff's claim were not barred by the statute of limitations, the requirement of Article III standing would prevent him from raising this claim.[2] It is well settled that before a federal court can consider the merits of a claim, the person seeking to invoke the jurisdiction of the court must establish standing. In order to establish a case or controversy under Article III,

> a litigant must first clearly demonstrate that he has suffered an "injury in fact." That injury ... must be concrete in both a qualitative and temporal sense. The complaint must allege an injury to himself that is "distinct and palpable," as opposed to merely "[a]bstract," and the alleged harm must be actual and imminent, not "conjectural" or "hypothetical."
>
> *Whitmore v. Arkansas,* 495 U.S. 149, 155, 110 S.Ct. 1717, 1723, 109 L.Ed.2d 135 (1990).

■■■■ The Defendants contend that they were under the belief that the pants belonged to Mooney, since they had his identification in them. However, since the Defendants could not adequately determine who owned the pants, no charges were filed against Plaintiff, or anyone else, based on the cocaine found during the search. Therefore, since Plaintiff was not criminally charged based on the Detective's search of the pants, the question of whether Plaintiff has suffered an injury is presented. If Plaintiff has not suffered an injury, he will lack the requisite standing for this Court to entertain the present action, even if the factual allegations he has made are taken as true.

The only distinct and palpable injury that can be inferred from Plaintiff's complaint

---

2. Plaintiff also alleges in his "Additional Answer to Defendant's Motion to Dismiss" (Docket No. 39) that the Police Records Department fraudulently concealed documents that would have allowed Plaintiff to learn of the alleged "planting" of cocaine in his clothing earlier had the documents not been concealed. Plaintiff contends that as a result of the alleged concealment, his claim may now be barred by the statute of limitations. However, because this claim would be barred because Plaintiff has not satisfied Article III standing requirements, as discussed below, his claim is moot.

would have occurred if he were criminally charged based on the discovery of the small quantity of cocaine found in the pants. Since he was not so charged, at most, his complaints are "conjectural" or "abstract" for the purposes of determining standing.

In addition, to establish standing, Plaintiff must show that the injury can be traced to the challenged action and is likely to be redressed by a favorable decision. *Whitmore* at 155, 110 S.Ct. at 1723. Plaintiff must clearly and specifically set forth these requirements to satisfy standing, and a federal court cannot create its own jurisdiction by embellishing otherwise deficient allegations of standing. *Id.*

Based on the facts as presented, Plaintiff has not suffered an injury in fact, and therefore does not have the requisite Article III standing to bring this claim. In addition, Plaintiff's claim is barred by the statute of limitations as discussed above. As a result, the factual allegations of Plaintiff's claim will not be addressed. Defendants' motion for summary judgment as to Plaintiff's § 1983 claim therefore is **granted.**

**II.** Plaintiff's second claim is that the Clearwater Police Department and the Defendant officers wrongfully deprived him of the $1,091.00 confiscated May 27, 1988, following his arrest. He does not contend that the initial seizure of the funds was unconstitutional, however. Rather, Plaintiff asserts that the funds were "converted" by the Police in 1990 when the officers did not comply with his demands for the return of the money, and when in March, 1990 the funds were transferred into the law enforcement trust fund.[3] Plaintiff contends that the officers wrongfully refused to return the money until April, 1993, several months after Plaintiff presented the officers with an affidavit signed by Mooney declaring that he was not the owner of the money.

Conversion is a state law tort, and as such is a pendent claim. It is properly before the federal court as long as it arises from the same nucleus of operative fact as the federal claim. Pendent jurisdiction is a matter of discretion, not of plaintiff's right. *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 727, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). However, if the federal court claims are dismissed before trial, the pendent state law claims should be dismissed, as well. *Id.* A federal court should consider "the values of judicial economy, convenience, fairness and comity" in deciding whether to exercise jurisdiction over pendent state law claims. *U.S. Anchor Mfg., Inc. v. Rule Industries, Inc.* 7 F.3d 986, 1004 (11th Cir.1993). When these factors indicate that a case belongs in state court, as when the federal claims have been removed from the lawsuit, the federal court should decline to exercise jurisdiction. *Id.*

In the case at bar, this Court has already held that Plaintiff's § 1983 claim is barred by the passing of the statute of limitations, or alternatively, since he lacks Article III standing to raise the claim. Since Defendant's motion for summary judgment is granted as to Plaintiff's federal claim, Plaintiff's state law conversion claim should be dismissed according to the doctrine of pendent jurisdiction.[4] Accordingly, it is

**ORDERED** that Defendant's Motion for Summary Judgment as to Defendant City of Clearwater (Docket No. 67) is **granted;** Defendant's Motion for Summary Judgment as to Defendant's Detective Cronin and Daly (Docket No. 67) is **granted.** The Clerk shall close this case.

DONE and ORDERED.

---

**3.** Plaintiff's first documented demand for the return of the money was on June 16, 1988 when Plaintiff's friend, Mary Klipa requested the money be returned.

**4.** 28 U.S.C.A. § 1367(d) tolls the period of limitations for thirty (30) days for any supplemental

claim that is dismissed but would otherwise be barred by the applicable limitations period. Therefore, Plaintiff may seek remedy in the appropriate state forum within thirty (30) days of this order.