**LAMAR ADVERTISING OF MOBILE, INC., and TLC Properties, Inc., Plaintiffs,**

v.

**CITY OF LAKELAND, FLORIDA, etc., et al., Defendants.**

**No. 97–721–CIV–T–17A.**

United States District Court, M.D. Florida, Tampa Division.

Sept. 30, 1997.

---

Gerald S. Livingston, Gerald S. Livingston, P.A., Orlando, FL, Eric M. Rubin, Walter E. Diercks, Darrin N. Sacks, Lolita D. Smith, Rubin, Winston, Diercks, Harris & Cooke, L.L.P., Washington, DC, for Plaintiffs.

Mark Nelson Miller, Stephen B. French, Christine C. Daly, Lane, Trohn, Clarke, Bertrand, Vreeland & Jacobson, P.A., Lakeland, FL, for Defendants.

---

### ORDER ON MOTION TO DISMISS

KOVACHEVICH, Chief Judge.

This cause is before the Court on Defendants' Motion to Dismiss (Dkt. 10), and Plaintiffs' response (Dkt. 23).

Plaintiffs, Lamar Advertising of Mobile, Inc. ("Lamar"), and TLC Properties, Inc. ("TLC"), filed a multiple count complaint against Defendants City of Lakeland, Florida ("City"), Lanny Walker ("Walker"), in his official capacity as the Chief Building Official of the City of Lakeland, and Sam Baca ("Baca"), in his official capacity as the Chief of Police of the City of Lakeland, seeking to prohibit enforcement of Article 36 of the City of Lakeland Land Development Regulations ("Sign Regulations").

The Complaint was filed in this action on March 31, 1997, seeking declaratory judgment and injunctive relief, and containing the following causes of action: (1) violation of the First and Fourteenth Amendments; (2) violation of the Fifth and Fourteenth Amendments; and, (3) violation of procedural requirements.

Defendants responded by filing a Motion to Dismiss Plaintiffs' complaint, specifically seeking the dismissal of: (1) the Complaint, for violating Rule 10(b), Federal Rules of Civil Procedure; (2) the complaint for improperly joining the Defendants in their official capacities; (3) Count I for failure to state a cause of action against Defendants for violation of the First and Fourteenth Amendments; (4) Count II for failure to state a cause of action against Defendants for violation of the First and Fourteenth Amendments; (5) Count III for failure to state a cause of action against Defendants for violation of the First and Fourteenth Amendments; (6) Count IV for failure to state a cause of action against Defendants for violation of the Fifth and Fourteenth Amendments; (7) Count V for failure to state a cause of action against Defendants for violation of the Fifth and Fourteenth Amendments; and, (8) Count VI for failure to state a cause of action against Defendants for violation of procedural requirements.

### I. STANDARD OF REVIEW

A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that Plaintiff can prove no set of facts that would entitle him to relief. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *See also Bracewell v. Nicholson Air Services, Inc.,* 680 F.2d 103, 104 (11th Cir.1982). To survive a motion to dismiss, a plaintiff may not merely "label" his or her claims. *See Blumel v. Mylander,* 919 F.Supp. 423, 425 (M.D.Fla.1996). At a minimum, the Federal Rules of Civil Procedure require "a short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *See Conley,* 355 U.S. at 47, 78 S.Ct. at 103 (quoting Fed.R.Civ.P. 8(a)(2)).

In deciding a motion to dismiss, a court can examine only the four corners of the complaint. *See Rickman v. Precisio-*

*naire, Inc.,* 902 F.Supp. 232 (M.D.Fla.1995). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *See Ancata v. Prison Health Servs., Inc.,* 769 F.2d 700, 703 (11th Cir.1985) (citation omitted). Also, a court must accept a plaintiff's well pled facts as true and construe the complaint in the light most favorable to the plaintiff. *See Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Howry v. Nisus, Inc.,* 910 F.Supp. 576 (M.D.Fla.1995). However, when on the basis of a dispositive issue of law, no construction of the factual allegations of a complaint will support the cause of action, dismissal is appropriate. *See Executive 100, Inc. v. Martin County,* 922 F.2d 1536 (11th Cir.1991); *Powell v. United States,* 945 F.2d 374 (11th Cir.1991).

## II. FACTS

Plaintiff Lamar owns and operates various outdoor advertising sign structures, or billboards, within the City of Lakeland, Florida. These billboards are located on real property in which Plaintiff TLC has leasehold interests. On or about April 2, 1990, Defendant City of Lakeland enacted Ordinance No. 3189 which restricts signage within the City, and provides a seven year amortization period after which all non-conforming signs are required to be removed. Plaintiff Lamar's billboards are considered non-conforming signs under the ordinances, and are required to be removed. Defendant City of Lakeland, by letter dated February 28, 1997, communicated its intention to enforce the sign regulations against Lamar. Subsequently, Plaintiffs instituted this instant action, asserting that the subject ordinances serve to deprive them of rights guaranteed by the federal Constitution.

## III. DISCUSSION

### A. RULE 10(b), Fed.R.Civ.P.

■ Defendants seek dismissal of Plaintiffs' complaint for failure to comply with Rule 10(b), Federal Rules of Civil Procedure, asserting the complaint improperly incorporates the allegations of each count into each successive count. Defendants assert that Plaintiffs base their entire claim for relief

upon the City's enactment of Ordinance No. 3189, and have alleged separate causes of action based upon the First, Fifth, and Fourteenth Amendments of the United States Constitution, and upon Chapter 166 of the Florida Statutes (1995). Defendants contend that since each cause of action raises complex issues of law and fact, Plaintiffs' incorporating each count into each successive count unnecessarily intermingles these issues. Defendants also contend that separation of the counts would facilitate the clear presentation of the matters set forth.

Plaintiffs respond that Defendants' basis for dismissal, specifically Defendants' contention that "Defendants cannot reasonably formulate a response to the Complaint as drafted," (Motion to Dismiss at 6) is without merit. In support of this contention, Plaintiffs note that Defendants were able to formulate a nineteen page Motion to Dismiss with supporting memorandum, and Defendants' Motion speaks volumes as to the clarity of the complaint.

Each claim founded upon a separate transaction or occurrence shall be pled separately whenever separation facilitates the clear presentation of the matters set forth. Fed. R.Civ.P. 10(b). Accordingly, this Court has examined the complaint to ascertain whether or not separate paragraphs would facilitate a clearer presentation of the allegations. This Court finds that separation would not facilitate a clearer presentation of the allegations.

In the case at bar, Plaintiffs base their entire claim for relief on a single transaction, and have alleged separate causes of action based on a single transaction. Since Rule 10(b) is inapplicable to multiple claims arising out of a single transaction, it would be inappropriate to dismiss under Fed.R.Civ.P. 10(b).

Accordingly, Defendants' Motion to Dismiss pursuant to Rule 10(b) is denied.

### B. IMPROPER JOINDER

■ Defendants seek dismissal of the complaint for improper joinder of Defendants Walker and Baca in their official capacities. Defendants point out that it is well settled law that a claim against a governmental offi-

cer or employee in his or her official capacity constitutes a claim against the governmental agency of which he or she is an officer or employee. *See Schopler v. Bliss,* 903 F.2d 1373 (11th Cir.1990). Suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent; there no longer exists a need to bring official-capacity actions against local government officials, since local government units can be sued directly. *See Busby v. City of Orlando,* 931 F.2d 764 (11th Cir. 1991). Official capacity suits merely represent "another way of pleading an action against an entity of which an officer is an agent." *See Kentucky v. Graham,* 473 U.S. 159, 167, 105 S.Ct. 3099, 3105–06, 87 L.Ed.2d 114 (1985). Unless a distinct cause of action is stated against officers in their personal capacities, the action is merely against the local government unit. *See id.*

Plaintiffs assert that many plaintiffs in § 1983 claims often name both the locality and official of the locality in their official capacity in their complaint. *See, e.g., Lucas v. O'Loughlin,* 831 F.2d 232 (11th Cir.1987). Therefore, Plaintiffs contend that Walker and Baca are proper defendants.

In the body of the Complaint, Plaintiffs consistently state each official is being sued "in his official capacity." (Dkt. 1). There are no allegations that would suggest Plaintiffs seek to hold each officer individually liable, as opposed to or in addition to holding the city liable for the acts of the officers. However, the misjoinder of parties is not grounds for dismissal of an action. Fed. R.Civ.P. 21. Rather, parties may be dropped or added by court order on motion of any party or on the Court's own initiative.

Accordingly, Defendants' Motion to Dismiss for improper joinder of Walker and Baca in their official capacities is denied. However, Defendants' Motion to Strike the names of Walker and Baca from the complaint is granted.

## C. COUNT I

Count I of the Complaint asserts a claim for violation of the First and Fourteenth Amendments against Defendants with respect to the Sign Regulations in the City of Lakeland. In support of this claim, Plaintiffs allege the following:

31. The purported governmental interests to be advanced by the enactment of the Sign Regulations are to protect public health, safety, and to promote public welfare, including the preservation and improvement of aesthetic beauty in the community.

32. The Sign Regulations do not mandate the removal, or even the restriction, of the numerous previously existing lawful on-premises signs and other signs within the City, including many signs that do not conform to the new restrictions.

33. The existing billboards disseminating off-premises commercial and non-commercial messages have no more effect on aesthetics, environment, pedestrian and vehicular safety, property values, the City's economic development and growth, and firefighting techniques than the far larger number of lawful and non-conforming on-premises commercial signs and other signs that are permitted under the Sign Regulations.

34. The First Amendment proscribes the suppression of protected commercial speech where the restrictions: (1) fail to directly advance its stated governmental purpose to a material degree, or (2) are not narrowly tailored to achieve such purposes.

Defendants seek dismissal of Count I for failure to state a claim upon which relief may be granted since the complaint does not allege the City acted with improper motive, or that the City's interests in aesthetics and traffic safety are in any way pre-textual. It is well settled law that a municipality may exercise its police powers to advance aesthetic interests and to promote public safety. *See Members of the City Council of the City of Los Angeles v. Taxpayers for Vincent,* 466 U.S. 789, 805, 104 S.Ct. 2118, 2128–29, 80 L.Ed.2d 772 (1984). Additionally, a municipality may regulate or prohibit signs or billboards for aesthetic purposes, and distinguish and treat differently on-premises and

**1460**

off-premises signs. *See Metromedia Inc. v. City of San Diego*, 453 U.S. 490, 101 S.Ct. 2882, 69 L.Ed.2d 800 (1981).

This Court recognizes that the allegations in Count I of the complaint include "as applied" allegations which require evidentiary hearings. In light of this fact, the Court is satisfied that Count I of the complaint complies with Rule 8(a), Fed.R.Civ.P., which states that "(a) claims for relief shall contain ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief, ...."

Accordingly, Defendants' Motion to Dismiss Count I is denied.

### D. COUNT II

Count II of Plaintiffs' complaint asserts a claim for violation of the First and Fourteenth Amendments. In support thereof, Plaintiffs allege the following:

36. The Sign Regulations constitute content-based restrictions on speech by determining which speakers may display future speech based on past speech. Accordingly, such regulations deny Plaintiff, Lamar the right to disseminate commercial and noncommercial speech.

37. The First Amendment proscribes content-based suppression of protected speech.

Defendants seek the dismissal of Count II for failure to state a claim upon which relief may be granted. Defendants contend the Ordinance makes no attempt to regulate Plaintiffs' future speech based upon Plaintiffs' past speech. Rather, the Ordinance comprehensively addresses all billboards within the City of Lakeland, regardless of the message displayed prior to the effective date of the Ordinance.

This Court finds that the above stated pleadings state a claim upon which relief may be granted, especially since this count contains "as applied" allegations which require evidentiary hearings. Therefore, Defendants have failed to meet their burden for dismissing Count II of the complaint.

Accordingly, Defendants' Motion to Dismiss Count II is denied.

### E. COUNT III

As to Count III of the complaint, Plaintiffs assert a claim for violation of the First and Fourteenth Amendments with regard to the Sign Regulations in the City of Lakeland. In support of this claim, Plaintiffs allege the following:

39. The Sign Regulations allow on-premises commercial speech in all zones within the City of Lakeland, subject to certain restrictions. However, the Sign Regulations expressly exempt from restriction existing signs that disseminate on-premises commercial speech.

40. The Sign Regulations prohibit the Plaintiff from disseminating noncommercial speech on its signs, while permitting on-premises commercial speech in a matter that, when applied, inhibits the dissemination of noncommercial speech.

41. The First Amendment proscribes the suppression of noncommercial speech in favor of commercial speech. Therefore, the Sign Regulations are an invalid content-based restriction on noncommercial speech.

Defendants seek dismissal of Count III of Plaintiffs' Complaint for failure to allege how the Sign Regulations prohibit the dissemination of non-commercial speech. Defendants assert that the Ordinance seeks to regulate signs based upon their location, specifically on-premises verses off-premises, a distinction the United States Supreme Court has previously upheld. *See Metromedia, Inc. v. City of San Diego*, 453 U.S. 490, 101 S.Ct. 2882, 69 L.Ed.2d 800 (1981). Moreover, the Ordinance allows non-commercial speech upon on-premises signs, and therefore does not provide more protection to commercial speech. *See, e.g., Major Media of the Southeast, Inc. v. City of Raleigh*, 792 F.2d 1269 (4th Cir.1986).

This Court finds that Count III states a cognizable claim upon which relief may be granted. Specifically, the Court recognizes that the allegations in Count III involve "as applied" allegations which require evidentia-

ry hearings. Therefore, the allegations in Count III are sufficient to satisfy the pleading requirements as set forth by Rule 8(a), Fed.R.Civ.P. The allegations in Count III are short and plain statements of the claim showing the pleader is entitled to relief, and they provide the requisite degree of notice to Defendants of the nature and cause of the claim against them.

Accordingly, Defendants' Motion to Dismiss Count III is denied.

## F. COUNT IV

In Count IV of the complaint, Plaintiffs assert a claim against Defendants for violation of the First and Fourteenth Amendments. In support, Plaintiffs allege the following:

43. The Sign Regulations allow certain "Political Campaign Signs," in all zoning districts within the City.

44. The Sign Regulations prohibit all other noncommercial messages in the City.

45. The First Amendment prohibits content-based restrictions on the dissemination of protected noncommercial speech.

Defendants seek to dismiss Count IV of Plaintiffs' complaint asserting the Sign Regulations do not permit certain political signs, while "effectively [prohibiting] all other noncommercial messages ... within the City." (Complaint at 12). The Sign Regulations permit the dissemination of non-commercial messages on all lawfully existing signs. Therefore, Defendants contend the Ordinance does not amount to a content-based suppression of non-commercial speech.

This Court is satisfied that Plaintiffs have stated a claim upon which relief may be granted in light of the fact that the allegations in Count IV involve "as applied" allegations which require evidentiary hearings. Therefore, the Court finds Defendants have failed to meet their burden for dismissal.

Accordingly, Defendants' Motion to Dismiss Count IV is denied.

## G. COUNT V

As to Count V of the complaint, Plaintiffs assert a claim against Defendants for violation of the Fifth and Fourteenth Amendments. Defendants assert that Count V should be dismissed for failure to state a cause of action because the applicable statute of limitations has expired.

Plaintiffs contend that the statute of limitations period has not expired stating the applicable statute of limitations period in § 1983 regulatory taking cases is an open legal issue in the Eleventh Circuit. Plaintiffs point out that in *New Port Largo, Inc. v. Monroe County,* 985 F.2d 1488, 1501 n. (11th Cir.1993), the Eleventh Circuit stated Florida law has two statutes of limitations that could constitute the most analogous statute of limitations in regulatory taking cases, Florida's seven year statute of limitations for a claim for adverse possession, or the four year statute of limitations in personal injury actions.

Defendants assert that since § 1983 does not contain a specific statute of limitations, 42 U.S.C. § 1988 directs courts to select the most analogous state statute of limitations. The Supreme Court has further stated that courts should select the statute of limitations in each state that applies to tort actions for the recovery of damages for personal injury. *See Wilson v. Garcia,* 471 U.S. 261, 276, 105 S.Ct. 1938, 1947, 85 L.Ed.2d 254 (1985). Additionally, the Court stated that the statute, once selected, should govern all § 1983 actions arising in that state. *See Id.* at 275, 105 S.Ct. at 1946–47; *see also Jones v. Preuit & Mauldin,* 763 F.2d 1250 1252 (11th Cir.1985).

The applicable statute of limitations in Florida for regulatory taking is four years. *See Baker v. Gulf & Western Indus.,* 850 F.2d 1480, 1481 (11th Cir.1988); Fla.Stat. Ann. § 95.11(3) (1995). Plaintiff filed this action six years and several months after the events leading to this claim. Additionally, § 95.031, *Florida Statutes,* states that the statute of limitations period begins to run "from the time the cause of action accrues." A Fifth Amendment regulatory taking claim accrues when state authorities make a final determination on the status of the subject of the property affected by the ordinance. *See*

*Corn v. City of Lauderdale Lakes,* 904 F.2d 585, 588 (11th Cir.1990). Here, Plaintiffs' cause of action accrued when Defendants took final action changing the status of Plaintiffs' property by passing a new zoning ordinance. As such, since Plaintiffs' taking claim accrued and became ripe at the time the 1990 Ordinance was enacted, Plaintiffs' action is barred by the statute of limitations.

Accordingly, Defendants' Motion to Dismiss Count V is granted.

## H. COUNT VI

■ Count VI of Plaintiffs' complaint asserts a claim for violation of procedural requirements with regard to enacting the 1990 Ordinance. Defendants assert that Count VI should be dismissed for failure to state a cause of action because the Court lacks subject matter jurisdiction over the claim if Counts I through V are dismissed, and for Plaintiffs' failure to allege compliance with the notice requirements set forth by § 768.28(6), *Florida Statutes* (1995).

Defendants contend that "if the federal court claims are dismissed before trial, the pendent state law claims should be dismissed, as well." *See Pontier v. City of Clearwater, Florida,* 881 F.Supp. 1565, 1570 (M.D.Fla.1995). Accordingly, if the Court finds Counts I through V of Plaintiffs' complaint are to be dismissed, the Court should dismiss Count V for lack of subject matter jurisdiction. Additionally, Defendants contend that Plaintiffs' complaint constitutes a general claim for damages for the alleged violation of procedural requirements for adoption of the Ordinance. Defendants assert to the extent Plaintiffs allege a state law claim for damages, they have failed to satisfy the conditions precedent to bringing such a claim. Specifically, Plaintiffs do not allege compliance with the notice requirements of § 768.28(6), Florida Statutes (1995).

■ However, Plaintiffs contend that since Counts I through V of Plaintiffs Complaint each state a claim upon which relief may be granted, Count VI should not be dismissed for lack of subject matter jurisdiction. Additionally, Plaintiffs argue the complaint should not be dismissed for failure to meet the notice requirements of § 768.28(6), Florida Statutes (1995). Plaintiffs assert that neither the counts in Plaintiffs' Complaint nor Plaintiffs' prayer for relief seek damages. And, even if Count VI is viewed as seeking damages, "courts will not dismiss for failure to state a claim merely because the complaint requests inappropriate relief, or because it miscategorizes legal theories." *See Moore's Federal Practice,* Third Edition, at § 12.34[1][b], p. 12–61 (1997).

Because Counts I through IV each state a claim upon which relief may be granted, Count VI is not subject to dismissal for lack of subject matter jurisdiction. Additionally, Defendants' contention that Plaintiffs' complaint asserts a state claim for damages is without merit since neither Plaintiffs' Complaint nor prayer for relief seeks damages. Moreover, consistent with the Court's obligation to construe complaints liberally, "courts will not dismiss for failure to state a claim merely because the complaint requests inappropriate relief, or because it miscategorizes legal theories." *See Moore's Federal Practice,* Third Edition at § 12.34[1][b], p. 12–61 (1997).

Defendants' Motion to Dismiss Count VI is denied. Accordingly, it is

**ORDERED** that Defendants' Motion to Dismiss (Dkt.10) Counts I through IV, and Count VI is **DENIED;** the Motion to Dismiss Count V is **GRANTED;** and Plaintiff **shall have** ten days to file an amended complaint, if appropriate. Defendants' Motion to Strike is **GRANTED.**